H.E. BARNES, Petitioner,

v.

Lee Roy MATHIS, Respondent.

No. 10–0669.

Supreme Court of Texas.

Oct. 21, 2011.

Brent C. Howard, Howard & Davis, Tyler, Tynan Buthod, Elizabeth Eve Baker Lewis, Baker & Botts, L.L.P., Houston, for H.E. Barnes.

James N. Parsons III, Law Offices of Jim Parsons, Palestine, Susan Lea Hays, Godwin Ronquillo PC, Dallas, for Lee Roy Mathis.

PER CURIAM.

At issue in this case is whether the court of appeals erred in rendering judgment for a plaintiff who received an adverse verdict and take-nothing judgment after a jury trial. When a party with the burden of proof loses at trial and asks an appellate court to render judgment in his favor, that party must show that the evidence conclusively established his entitlement to judgment. Because the court of appeals incorrectly applied this standard and Mathis did not conclusively prove his nuisance and trespass claims, we reverse in part its judgment and remand the case to the court of appeals to determine factual sufficiency issues raised below.

Dr. Lee Roy Mathis and H.E. "Buster" Barnes own adjoining property in Anderson County. Lake Creek runs through both tracts, and Mathis's 1,254 acre property is located upstream from Barnes's. Mathis maintained a wetlands complex on much of his land, which attracted beavers, waterfowl, and other wildlife. Barnes's tract was used predominantly as a pasture. In September 2006, Barnes constructed an earthen road across the creek to more easily access his back pasture. To accommodate water flow in the creek, Barnes installed two twenty-eight-inch culverts, or drainage pipes, into the structure. In October 2006, Mathis noticed an elevated water level in the creek, which he suspected was caused by Barnes's road. By November, Mathis noticed that creek water encroached onto his property, and he asked Barnes to modify the road. Barnes later installed an additional culvert into the structure. In December 2006, Mathis returned to his property after a twelve-day absence to discover that Barnes's road was washed away. The flooding—and subsequent drainage—also affected over four hundred acres of Mathis's property, damaging beaver dams, affecting the wildlife population, and draining the wetlands.

Mathis sued Barnes, alleging negligence, gross negligence, nuisance, and trespass. At trial, Mathis argued that Barnes's road acted as a dam, causing a large amount of water to accumulate, which eventually destroyed Barnes's road and damaged much of Mathis's land. Barnes countered that an upstream event caused the flooding and produced evidence that Mathis's property did not lose value and Mathis did not suffer non-economic damages. After a jury answered "No" as to each of Mathis's causes of action, the trial court entered a take-nothing judgment.

On appeal, Mathis argued that, despite the jury's verdict, the evidence conclusively established nuisance, trespass, and negligence.[1] The court of appeals reversed the trial court's judgment in part, holding that "the evidence is legally insufficient to support the jury's 'No' answer[s]" to the nuisance and trespass issues. 316 S.W.3d at 802–04. The court nevertheless remanded the case for trial because, when "liability is contested, we cannot order a separate trial solely on damages. *See* Tex.R.App. P. 44.1(b)." *Id.* at 809.

The court of appeals concluded that the following material facts were established as a matter of law: (1) Barnes constructed the road across Lake Creek, (2) the road disrupted the creek's flow, and (3) water from the creek crossed the parties' property line, flooding Mathis's land. *Id.* at 802. Regarding the nuisance claim, the court pointed to evidence that Mathis maintained some of his property as a wetlands area and that after the large flood, the property retained much less water. *Id.* Thus, the court held that Mathis had conclusively established nuisance. *Id.* As to the trespass claim, the court observed that Barnes was aware that water encroached on Mathis's property after Barnes built the road. *Id.* at 803. The court held that because damage is presumed after a trespass, that claim, too, was established conclusively. *Id.* (citing *Johnson v. Phillips Petroleum Co.*, 93 S.W.2d 556, 558–59 (Tex.Civ.App.-Amarillo 1936, no writ)).

Barnes contends that the court of appeals erred by focusing on evidence that failed to persuade the jury. We agree. Uncontested evidence may establish a fact as a matter of law—as when scientific proof yields only one conclusion—even if a jury disagrees. *See, e.g., City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex.2005) (citing *Murdock v. Murdock*, 811 S.W.2d 557, 560 (Tex.1991) (holding that no evidence supported paternity verdict because blood test conclusively proved defendant was not the child's father)). In this case, however, the jury was required to evaluate the cause of an otherwise natural occurrence. Mathis stated the central issue appropriately: "the parties did contest whether the rush of floodwaters was caused by Barnes' structure breaking or, as Barnes argued, some unknown, upstream event. Barnes also posited that the destruction of the beaver dams might have been caused by wild hogs rooting around at their base."

■ As the plaintiff, Mathis was required to prove nuisance and trespass. A nuisance is a condition that substantially interferes with the use and enjoyment of land by causing unreasonable discomfort or annoyance to persons of ordinary sensibilities.[2] *Schneider Nat'l Carriers, Inc. v. Bates*, 147 S.W.3d 264, 269 (Tex.2004); *see also Burditt v. Swenson*, 17 Tex. 489 (1856). The jury refused to find that Barnes created a nuisance that damaged Mathis's land. In order to have judgment rendered for him despite the jury's verdict, Mathis must show that the evidence establishes conclusively that Barnes substantially interfered with his land and caused unreasonable discomfort. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex.2001) (per curiam); *see also* Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 Tex. L.Rev. 361, 364 (1960) ("Before a party is

1. Mathis also asked for injunctive relief to prevent Barnes from further impounding the waters of Lake Creek. The court of appeals found that it lacked jurisdiction to issue such relief. 316 S.W.3d 795, 808–09. Mathis does not challenge that determination here.

2. A similar definition of nuisance was provided in the jury charge.

entitled to have a judgment based on [a jury's failure to find a vital fact] reversed and judgment rendered in his favor it must appear that the evidence establishes conclusively that the act *was* committed." (emphasis in original)). We conclude that Mathis did not do so.

■ The parties agree that Barnes's road caused water to enter Mathis's land in October. However, Barnes disputed that the water substantially interfered with Mathis's property use or that it caused unreasonable discomfort or annoyance. Mathis's property is located in a floodplain. The property is within the watershed of Lake Creek, which is a major creek. At times, significant water comes down Lake Creek, creating river-like conditions on the property. The part of the tract maintained as a wetlands consistently retained water, and the bottomlands experienced fluctuations in water levels. Some of Mathis's land is in a swamp condition. The size of Mathis's marsh could increase by 20 or 25 acres with rain, and the area experienced some flooding even before Barnes built his road. A jury could decide, on this record, that the road-caused flooding—one of many other examples of elevated water level on the land—was insufficient to cause Mathis "unreasonable discomfort." Because the evidence presented to the jury was conflicting, Mathis did not conclusively prove nuisance liability for damages for the initial flooding.

■ An unprecedented flooding event (as occurred in December) may qualify as a nuisance, but here the parties debated its cause. Mathis was absent from his property when the flood occurred, and could not say how much water was in the creek when he left his property on December 16. Mathis also testified that he was unsure whether the December flooding was the result of Barnes's road, as opposed to some other upstream occurrence.

Further, Mathis admitted that heavy rains can inundate Lake Creek, creating river-like conditions whether or not the road had been built. As the court of appeals noted, there was also evidence that the volume of water that inundated Mathis's land had never occurred prior to Barnes's construction of the road.

The conflicting theories, each supported by evidence, presented a classic case for a jury's resolution. A jury could reasonably have found that Mathis did not prove Barnes's road caused a flooding event unique from natural circumstances. We therefore conclude the court of appeals erred in holding that liability was established as a matter of law as to Mathis's nuisance claim.

■ A similar inquiry must be made as to whether Mathis conclusively proved trespass. The jury answered "No" to the question: "Did H.E. 'Buster' Barnes cause damage to Dr. Mathis'[s] land by trespassing on Dr. Lee Roy Mathis'[s] land?" Trespass to real property is an unauthorized entry upon the land of another, and may occur when one enters—or causes something to enter—another's property. *See Coastal Oil & Gas Corp. v. Garza Energy Trust*, 268 S.W.3d 1, 11 n. 29 (Tex. 2008); *Glade v. Dietert*, 156 Tex. 382, 295 S.W.2d 642, 645 (1956). "[E]very unauthorized entry upon land of another is a trespass even if no damage is done or injury is slight." *Coastal Oil*, 268 S.W.3d at 12 n. 36 (quoting *McDaniel Bros. v. Wilson*, 70 S.W.2d 618, 621 (Tex.Civ.App.-Beaumont 1934, writ ref'd) (alteration in original)). As stated above, the parties agreed that Barnes's road initially caused water to enter Mathis's property. Mathis argues that this conclusively establishes trespass.

However, we must measure the sufficiency of the evidence based on the jury charge. *See Romero v. KPH Consol., Inc.,*

166 S.W.3d 212, 221 (Tex.2005). Barnes contends he presented evidence to show that Mathis did not suffer additional damage, such as loss of property value or diminished use of his land. Mathis argues that Barnes confuses *damage*, a legal element of trespass, with *damages*, a quantitative valuation of harm. Thus, Mathis asserts the violation of his exclusive right to possess his property—Barnes's trespass—constitutes damage, conclusively proving that the initial flood was a trespass. We conclude that the law supports Barnes's position.

The jury was instructed to follow the jury charge, which specified, "[w]hen words are used in this charge in a sense that varies from the meaning commonly understood, you are given a proper legal definition, which you are bound to accept in place of any other meaning." [3] We presume the jury followed these instructions. *See Columbia Rio Grande Healthcare, L.P. v. Hawley*, 284 S.W.3d 851, 862 (Tex. 2009). The question provided a definition of trespass. But it neither defined damage nor instructed that damage is a legal element of trespass.[4] The common definition of *damage* is "loss due to injury: injury or harm to person, property, or reputation." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 571 (2002). Thus, the jury was entitled to believe that an affirmative answer to the trespass question must be based on a finding of trespass *and* additional loss or injury.[5]

Mathis argues the court of appeals correctly found that damage is presumed in every trespass. *See* 316 S.W.3d at 803 (citing *Johnson*, 93 S.W.2d at 558–59). He asserts that because Barnes caused initial flooding, trespass was established as a matter of law. However, we reject Mathis's narrow reading of the question, which renders the term *damage* superfluous. Under Mathis's interpretation, the question essentially asks whether Barnes caused a presumed element of trespass by committing the tort itself.

And although Mathis presented evidence that the flooding permanently damaged his land, Barnes's witness, a real estate appraiser, testified that the value of the property was unchanged by the flow. There was also evidence that there was no non-economic damage. Several witnesses testified that the wildlife Mathis complained had left his property naturally comes and goes and was in fact returning. Given the charge and the conflicting evidence of damage, Mathis failed to conclusively prove trespass. *See Francis*, 46 S.W.3d at 241. The court of appeals erred in holding otherwise.

---

3. A similar instruction is included in Texas Rule of Civil Procedure 226a as an approved jury instruction. *See* Amendments to Texas Rules of Civil Procedure 281 and 284 and to the Jury Instructions Under Texas Rule of Civil Procedure 226A, Supreme Court of Texas, No. 11–9047, Mar. 15, 2011, at 9.

4. The charge defined "trespass" as "any unauthorized intrusion or invasion of private premises or land of another, committed when a person enters another's land without consent; or alternatively, unauthorized entry upon land of another. For purposes of a trespass claim, entry need not be in person, but may be made by causing or permitting something to cross the boundary of the property of another."

5. The term *damage* also appears in three other questions of the jury charge: "QUESTION 1: Did the negligence, if any, of [Barnes] proximately cause the damage, if any, to [Mathis's] land? ... QUESTION 2: Did [Barnes] create a nuisance which caused damage to [Mathis's] land? ... QUESTION 4: Do you find by clear and convincing evidence that the damage, if any, to [Mathis's] land resulted from gross negligence?" The fact that the term was not defined anywhere in the charge lends further support to Barnes's argument.

In the court of appeals, Mathis also asserted that the evidence was factually insufficient to support the jury's verdict, an issue the court of appeals declined to reach. Accordingly, without hearing oral argument, Tex.R.App. P. 59. 1, we grant Barnes's petition for review, reverse in part the court of appeals' judgment, and remand the case to the court of appeals to consider Mathis's argument that the jury's failure to find nuisance and trespass was against the great weight of the evidence.