**Dr. Lee Roy MATHIS, Appellant**

v.

**H.E. "Buster" BARNES, Appellee.**

No. 12–08–00340–CV.

Court of Appeals of Texas,
Tyler.

Aug. 15, 2012.

Susan Hays, Dallas, for Appellant.

Brent Howard, Tyler, Charles Tynan Buthod, Elizabeth Eve Baker Lewis, Houston, for Appellee.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and HOYLE, J.

## OPINION ON REMAND

BRIAN HOYLE, Justice.

Dr. Lee Roy Mathis brought suit against H.E. "Buster" Barnes alleging that Barnes damaged his property and asserting that Barnes's conduct constituted a nuisance, trespass, negligence, and gross negligence. A jury determined that Barnes was not liable to Mathis, and the trial court entered judgment in accordance with the jury's verdict. We affirmed the trial court's judgment with regard to Mathis's claims of negligence and gross negligence, but reversed and remanded for a new trial on his claims of nuisance and trespass, holding that the evidence was legally insufficient to support the jury's verdict on those claims. See Mathis v. Barnes, 316 S.W.3d 795, 808 (Tex.App.-Tyler 2010). Barnes filed a petition for review with the Texas Supreme Court. That court reversed our judgment with regard to Mathis's nuisance and trespass claims and remanded the cause for consideration of

Mathis's argument that the jury's failure to find nuisance and trespass was against the great weight of the evidence. Barnes v. Mathis, 353 S.W.3d 760, 766 (Tex.2011). Mathis raises one issue on remand. We affirm.

### BACKGROUND

Mathis and Barnes own adjoining property in rural Anderson County, Texas. Lake Creek runs through the two properties with Mathis's property being upstream from Barnes's property. For some time, Mathis had sought to cultivate "pristine wetlands" on the portion of his property close to Barnes's property. Due to multiple beaver dams on Mathis's property and in spite of seasonal rainfall variations, Mathis's wetlands were covered by water with only limited seasonal fluctuation. As a result, the property was a watering, nesting, and roosting place for waterfowl.

Barnes's property was used predominantly as pastureland. In September 2006, Barnes constructed an earthen road on his property so that he could more easily access his back pasture. The road, in effect, served as a dam where it crossed Lake Creek.[1] Barnes initially incorporated two twenty-eight inch culverts and a thirteen inch pipe into the road to accommodate the water flow from Lake Creek.

By October 2006, Lake Creek's water flow increased and water began to rise on Barnes's property upstream of the road. By November 3, 2006, the water had crossed the property line between Mathis's and Barnes's properties. On November 4, 2006, Mathis contacted Barnes concerning the rising water and asked him to modify the road to permit sufficient flow of the water to alleviate the flooding. Barnes

---

1. The parties' terminology varies with regard to Barnes's construction across Lake Creek. For ease of reference, we refer to Barnes's structure as the "road." The record reflects that at the time the road was constructed, Lake Creek was dry at the construction site.

met with Mathis and his son, Rusty, about the problem.

The water continued to rise. By mid-December, the water had begun to crest at some of the beaver dams. Rusty contacted Barnes about the problem, and Barnes responded that he would add another culvert to the road. Thereafter, Barnes installed another twenty-eight inch culvert in the road above the two previously installed culverts. In mid to late December 2006, the road washed away. The waters retreated from Mathis's property, but thereafter, the wetlands retained a significantly smaller amount of water than they once did. Furthermore, the duck sightings on or above the property were greatly reduced.

Mathis filed suit alleging that Barnes was liable to him for nuisance, trespass, negligence, and gross negligence. Specifically, Mathis claimed that Barnes's actions permanently damaged 409.27 acres of his land, thereby reducing its fair market value, which resulted in actual damages. Mathis further sought injunctive relief. The trial court granted Mathis both a temporary restraining order and, later, a temporary injunction, prohibiting Barnes from repairing the breached road across Lake Creek. The matter proceeded to a jury trial. At trial, Barnes did not dispute that he built the road across Lake Creek. The parties presented conflicting evidence regarding the monetary value of the property before and after the flooding. The testimony can be summarized as follows: Mathis put on testimony of various witnesses supporting that the value of the property was greatly diminished; Barnes's witness, a real estate appraiser, testified that the value of the property was the same both before and after the incident.

Ultimately, the jury found that Barnes was not liable for nuisance, trespass, negligence, or gross negligence. Thereafter, the trial court entered a take nothing judgment against Mathis. Mathis filed a motion for new trial, which the trial court denied.

## FACTUAL SUFFICIENCY

In his sole issue on remand, Mathis argues that the evidence is factually insufficient to support the jury's finding that Barnes was not liable for nuisance or trespass.

### Standard of Review

■■■ When a party attacks the factual sufficiency of an adverse finding on an issue on which it has the burden of proof, it must establish that the adverse finding is against the great weight and preponderance of the evidence. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex.2001). In making that determination, we consider and weigh all the evidence, not just that evidence which supports the verdict. *See Mar. Overseas Corp. v. Ellis*, 971 S.W.2d 402, 407 (Tex.1998). We can set aside the verdict only if it is so contrary to the overwhelming weight of the evidence that the verdict is clearly wrong and unjust. *Id.; Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986).

■■■ When reviewing factual sufficiency issues, we are mindful that the factfinder is the sole judge of the credibility of the witnesses. *See Canal Ins. Co. v. Hopkins*, 238 S.W.3d 549, 557 (Tex.App.-Tyler 2007, pet. denied). Accordingly, we may not pass on the witnesses' credibility or substitute our judgment for that of the jury, even if the evidence would clearly support a different result. *See Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex.2003); *Ellis*, 971 S.W.2d at 407. If we conclude that the evidence is factually insufficient, we must clearly state why the jury's finding is insufficient or is so against the great weight and prepon-

derance of the evidence as to be manifestly unjust. *See Pool v. Ford Motor Co.,* 715 S.W.2d 629, 635 (Tex.1986).

### Nuisance

A nuisance is a condition that substantially interferes with the use and enjoyment of land by causing unreasonable discomfort or annoyance to persons of ordinary sensibilities attempting to use and enjoy it. *Schneider Nat'l Carriers, Inc. v. Bates,* 147 S.W.3d 264, 269 (Tex.2004); *Warwick Towers Council of Co–Owners v. Warwick, L.P.,* 298 S.W.3d 436, 444 (Tex. App.-Houston [14th Dist.] 2009, no pet.). "Nuisance" refers to a kind of damage done, rather than to any particular type of conduct. *City of Tyler v. Likes,* 962 S.W.2d 489, 504 (Tex.1997). A private nuisance affects an individual or a small number of individuals rather than the public at large. *See Walker v. Tex. Elec. Serv.,* 499 S.W.2d 20, 27 (Tex.App.-Fort Worth 1973, no writ). An actionable nuisance may arise from an invasion of another's interests attributable to activity that is intentional, negligent, or abnormal and out of place in its surroundings. *Warwick,* 298 S.W.3d at 444.

Here, Mathis argues that Barnes's actions created a nuisance in two ways—by (1) flooding his wetlands and (2) draining his wetlands when the road was washed away.

### Flooding the Wetlands

With regard to Mathis's first allegation of nuisance, the record indicates that Barnes constructed the road across Lake Creek that disrupted the creek's natural flow and caused the water from Lake Creek to eventually cross the Barnes–Mathis property line, flooding a portion of Mathis's land. However, Barnes disputed that the waters substantially interfered with Mathis's land to the point that it caused unreasonable discomfort or annoy-

ance to persons of ordinary sensibilities attempting to use and enjoy it. The jury agreed. While the evidence was contested, it nonetheless supported Barnes's argument. The record reflects that Mathis's wetlands regularly were subjected to some flooding. Mathis conceded that he had seen the water crest over the beaver dams during previous flooding.

### Draining the Wetlands When the Road Was Washed Away

Concerning Mathis's second allegation of nuisance, the evidence further indicated that after the flood waters receded, the beaver dams that once were located on the property were no longer functional and the property retained a significantly smaller amount of water than it once did. But the evidence was disputed with regard to whether the beavers were returning to Mathis's wetlands. Moreover, Barnes disputed whether some upstream event or the activity of feral hogs, in fact, damaged the beaver dams.

### Summation

We have examined the entirety of the record and have considered and weighed all of the evidence. In so doing, we are mindful that we may not pass on the witnesses' credibility or substitute our judgment for that of the jury, even if the evidence would clearly support a different result. *See Hopkins,* 238 S.W.3d at 558. Based on our review of the record, we have not determined that any evidence tending to contradict the evidence supporting the jury's finding that Barnes's actions were not an actionable nuisance causes us to conclude that the jury's resolution of that issue is clearly wrong and unjust. Accordingly, we hold that the evidence is factually sufficient to support the jury's determination that Barnes is not liable to Mathis for creating a nuisance.

### Trespass

■■■■■ Trespass to real property is defined as an unauthorized entry upon the land of another. *See Cain v. Rust Indus. Cleaning Servs.*, 969 S.W.2d 464, 470 (Tex. App.-Texarkana 1998, pet. denied); *Stone Res. v. Barnett*, 661 S.W.2d 148, 151 (Tex. App.-Houston [1st Dist.] 1983, no writ). A trespass can be either by entry of a person on another's land or by causing or permitting a thing to cross the boundary of the premises. *Aguilar v. Trujillo*, 162 S.W.3d 839, 851 (Tex.App.-El Paso 2005, pet. denied). As a general rule, any unauthorized entry upon land of another is a trespass even when there is no or only slight damage. *See Barnes*, 353 S.W.3d at 764. However, we measure the sufficiency of evidence based on the jury charge. *Id.* Based on the charge in this case, "the jury was entitled to believe that an affirmative answer to the trespass question must be based on a finding of trespass *and* additional loss or injury." *Id.* at 765.

Mathis established that Barnes's road caused additional water to encroach on Mathis's land. Further, the record reflects that Barnes was aware that the waters of Lake Creek had encroached on Mathis's property upstream of the road he constructed. Mathis presented testimony that the trespass harmed the value of his land. Barnes presented testimony that absolutely no damage was done. Ulti-mately, the jury agreed with Barnes's argument.

Again, we have examined the entirety of the record and have considered and weighed all of the evidence. The evidence is conflicting, not conclusive. Thus, we may not substitute our judgment for that of the jury, even if the evidence would clearly support a different result. *See Hopkins*, 238 S.W.3d at 558. Based on our review of the record, we have not determined that any evidence tending to contradict the evidence supporting the jury's finding that Barnes's actions were not actionable trespass causes us to conclude that the jury's resolution of that issue is clearly wrong and unjust. Therefore, we hold that the evidence is factually sufficient to support the jury's determination that Barnes is not liable to Mathis for trespass.

### Holding

Mathis's sole issue on remand is overruled.

### DISPOSITION

Having overruled Mathis's sole issue on remand, we *affirm* the trial court's judgment.