

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-23-00087-CV

———————————————

SHANNON BROOKS, Appellant

V.

CENTRE STATION APARTMENTS, LLC, Appellee

On Appeal from the 17th District Court
Tarrant County, Texas
Trial Court No. 017-332082-22

Before Sudderth, C.J.; Kerr and Bassel, JJ.
Memorandum Opinion by Justice Bassel

## MEMORANDUM OPINION

In this suit by an apartment tenant against a landlord complaining about property conditions, Shannon Brooks appeals from a judgment dismissing her claims against Centre Station Apartments, LLC after the trial court granted Centre Station's no-evidence motion for summary judgment. We affirm in part and reverse and remand in part.

### Procedural Background[1]

On February 22, 2022, Brooks—a Centre Station tenant—filed a pro se petition that appeared to raise complaints about Centre Station's negligence, harassment, unlawful retaliation, unlawful attempted eviction, and failure to abide by its statutory duties as a landlord, including the failure to properly maintain the premises. Specifically, Brooks alleged that

- Centre Station was negligent and violated its duties under Texas Property Code Section 92.052 by failing to protect her from an unreasonable and foreseeable risk of harm from a third-party trash contractor engaging in theft on the property, *see* Tex. Penal Code Ann. § 31.03, causing her and her minor child mental-anguish and other damages;

- Centre Station failed to provide cold water for over four months, causing burns to her minor child;

- Centre Station intentionally inflicted emotional distress upon her;

[1]We decline Centre Station's request to strike parts of Brooks's brief but note that we confine our review strictly to the appellate record. *Cf. Mailloux v. KJ Env't Mgmt., Inc.*, No. 02-20-00059-CV, 2020 WL 6334176, at *5 n.5 (Tex. App.—Fort Worth Oct. 29, 2020, no pet.) (mem. op.) (citing rule that appellate court may not consider matters outside the appellate record).

- Centre Station committed the "[t]ort of" harassment;

- Centre Station retaliated against her in violation of Texas Property Code Sections 92.331–.335 by restricting her access to maintenance, having her vehicle illegally towed, and illegally and maliciously filing for eviction; and

- Centre Station refused to provide her with property-ownership information.

*See* Tex. Prop. Code Ann. §§ 92.052, 92.201–.202, 92.331–.335.

Brooks did not allege in her petition under what level she intended to conduct discovery according to the Rules of Civil Procedure. *See* Tex. R. Civ. P. 190.1. Brooks alleged that she had incurred damages and costs of $2,000,000.

Centre Station filed an answer on May 6, 2022. On May 9, 2022, the trial court signed an order setting the following pretrial and trial dates: (1) March 10, 2023, at noon as the deadline for filing with the court clerk exhibit and witness lists, motions in limine, and proposed charges and findings of fact and conclusions of law, if applicable; (2) March 16, 2023, at 2:30 p.m. as the pretrial hearing date and time; and (3) March 20, 2023, as the trial week.

On January 23, 2023, Centre Station filed a combined special exceptions and no-evidence motion for summary judgment. In that motion, Centre Station complained that it had trouble discerning Brooks's precise complaints, and it lodged special exceptions to eight of her factual and legal allegations, contending that each was "too general, vague, and obscure so as to give [Centre Station] sufficient indication as to what th[e] allegation [was] based upon." Nevertheless, Centre Station identified the causes of action that it believed Brooks had alleged: (1) negligence;

3

(2) violation of a landlord's duty under Texas Property Code Section 92.052; (3) intentional infliction of emotional distress; (4) stalking under Texas Civil Practice and Remedies Code Sections 85.001–.006 by committing harassing behavior (harassment); and (5–6) wrongful retaliation, eviction, or both. Centre Station identified specific elements of each of the above causes of action for which it contended that Brooks could provide no evidence. Included within those specifically identified elements were the allegations that, factually, Brooks could produce no evidence "that the third-party trash[-]collection contractors violated Texas Penal Code § 31.03" and that its "actions caused [Brooks] emotional distress."

The day after Centre Station filed its motion, Brooks filed a one-page response, in which she complained that Centre Station had not initiated discovery but that she was prepared "to enter into the discovery phase if so ordered by the court." On February 1, 2023, she filed a letter addressed to the trial judge asking for "the scheduled jury trial to proceed." On February 21, 2023, Brooks filed an "Amendment to original petition," in which she expressly identified the following causes of action and facts:

- breach of warranty of habitability by (a) failing "to provide a habitual living condition that was free of hazardous waste and safe" and (b) failing to disclose the name and street or post-office-box address of the property owner as listed on the deed, in violation of Texas Property Code Section 92.201;

- retaliation for making a complaint with a governmental agency;

- breach of the contractual duty "to provide a safe, habitable living condition[] for occupants" by leaving "human blood on [the] breezeway for 2–3 weeks";

4

- breach of the covenant of quiet enjoyment in that Centre Station "was aware of the trash throughout the community"; "that insects were entering and infesting into the plaintiffs dwelling"; and that Centre Station "failed to remove human blood from a[n] area that the plaintiffs were vulnerable to";

- negligence causing bodily harm by failing to provide cold water;

- common nuisance by knowingly maintaining and allowing "criminal activity of a multi residential habitually," specifically "third[-]party contractors";

- private nuisance by "maintain[ing] the . . . acts of theft by the trash valet after several complaints and video evidence" and "maintain[ing] the loud disruptions [and] noise from the bathroom plumbing after several complaints"; and

- negligent infliction of emotional distress.

Centre Station did not file an amended motion for summary judgment in response.

The trial court heard the motion for summary judgment on March 6, 2023. That day, Brooks filed close to eighty pages of unauthenticated documents that she claimed supported her complaints. The trial court declined to consider the documents as a proper response to the no-evidence motion and granted summary judgment for Centre Station. The final judgment dismissed with prejudice "all claims and causes of action asserted against" Centre Station.

Brooks filed a timely notice of appeal and raises the following complaints[2]:

- The trial court erred by granting summary judgment (1) when Centre Station did not timely file disclosure responses under Rule 194.2 and then moved for summary judgment before filing its disclosure responses late and (2) "without a[n] ordered controlled discovery plan scheduling order erected [sic], agreed[,] or [f]iled." Included within this complaint is an argument that not enough time for discovery had passed before the trial court granted summary judgment.

_____

[2]We address her issues out of order for ease of reference.

• The trial court erred by granting summary judgment when Centre Station's no-evidence motion failed to address all of the claims in Brooks's amended petition.

• The trial court erred by granting summary judgment because of Brooks's procedural error of not properly providing responsive evidence, rather than on the merits.

• The trial court erred by not ruling on Centre Station's special exceptions and allowing Brooks to amend her petition before granting summary judgment.

• By granting summary judgment, the trial court violated Brooks's Seventh Amendment jury-trial right.

• The trial court's order erroneously purports to grant both a traditional and no-evidence summary judgment when Centre Station did not file a traditional motion.

## No-evidence Motion Standard of Review

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that no evidence supports an essential element of the nonmovant's claim or defense. Tex. R. Civ. P. 166a(i). The motion must specifically state the elements for which no evidence exists. *Id.*; *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). The trial court must grant the motion unless the nonmovant produces summary-judgment evidence that raises a genuine, material fact issue. *See* Tex. R. Civ. P. 166a(i) & 1997 cmt.; *B.C. v. Steak N Shake Operations, Inc.*, 598 S.W.3d 256, 259 (Tex. 2020).

If a nonmovant wishes to assert that, based on the record evidence, a fact issue exists to defeat a no-evidence motion for summary judgment, the nonmovant must

6

timely file a response to the motion raising this issue. *See* Tex. R. Civ. P. 166a(i); Hon. David Hittner & Lynne Liberato, *Summary Judgments in Tex.: State and Fed. Prac.*, 60 S. Tex. L. Rev. 1, 110 (2019).

## Parties Had Adequate Time For Discovery

In her first, second, and eighth issues, Brooks contends that the trial court prematurely considered the no-evidence motion for summary judgment. She contends that under her interpretation of the discovery rules, an adequate time for discovery had not yet passed when the trial court ruled.

In granting a no-evidence motion for summary judgment, a trial court implicitly holds that an adequate time for discovery passed before its consideration of the motion. *Saravia v. Ji Li*, No. 14-18-00715-CV, 2020 WL 5200935, at *2 (Tex. App.— Houston [14th Dist.] Sept. 1, 2020, no pet.) (mem. op.). We review a trial court's determination that there has been an adequate time for discovery on a case-by-case basis, under an abuse-of-discretion standard. *Id.* at *2. In so doing, we consider the following factors: (1) the nature of the case; (2) the nature of the evidence necessary to controvert the no-evidence motion; (3) the length of time the case was active; (4) the amount of time the no-evidence motion was on file; (5) whether the movant had requested stricter deadlines for discovery; (6) the amount of discovery that already had taken place; and (7) whether the discovery deadlines in place were specific or vague. *Sayles v. Senior Care Res., Inc.*, No. 02-20-00124-CV, 2021 WL 62130, at *8 (Tex. App.—Fort Worth Jan. 7, 2021, no pet.) (mem. op.).

7

Ordinarily, a no-evidence summary-judgment motion is not permitted before the expiration of the discovery period set by the pretrial order. *Id.* However, the pertinent date for determining whether the trial court permitted adequate time is the final date on which the no-evidence motion is presented to the trial court for ruling. *Id.*

Here, the record contains no order defining the discovery period. Because this was a Level 2 case, the discovery period ran from June 6, 2022 (the date the first initial disclosures were due)[3] until February 18, 2023 (thirty days before the trial setting). *See* Tex. R. Civ. P. 190.3(a)–(b). Brooks concedes in her brief that she had no need for discovery because she had all of her evidence ready. The case had been on file almost a year—with no additional filings for eight months after the trial court entered its trial-setting order—when Centre Station filed its motion for summary judgment. And the summary-judgment motion had been on file a little over a month before the trial court ruled on it, two weeks before the trial setting and after the discovery period had ended.

Based on the foregoing application of the pertinent review factors and the Rules of Civil Procedure, we hold that an adequate time for discovery had passed

---

[3]Effective January 1, 2021, as applicable here, "[a] party must make the initial disclosures within 30 days after the filing of the first answer or general appearance unless a different time is set by the parties' agreement or court order" and must do so "[w]ithout awaiting a discovery request." Tex. R. Civ. P. 194.2(a)–(b). Brooks incorrectly argues that the discovery timeline is calculated using the date the disclosures were actually made, rather than the date they were due, as required by Rule 190.3.

when the trial court ruled on the motion. Thus, we overrule Brooks's first, second, and eighth issues.

### Motion Addressed Most, But Not All of Brooks's Live Claims

In her seventh issue, Brooks argues that Centre Station did not properly move for summary judgment on all of her pleaded causes of action because it did not amend its summary-judgment motion to address the new claims that she had pleaded in her amended petition.

After Centre Station filed its summary-judgment motion, Brooks timely e-filed an "Amendment to original petition," *see* Tex. R. Civ. P. 63; Centre Station did not file special exceptions in response. Thus, Centre Station waived any argument that this amendment was defective.[4] *See* Tex. R. Civ. P. 47, 64, 90; *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 346 (Tex. 2011); *see also* Tex. R. Civ. P. 65; *Denton Cnty. Elec. Co-op., Inc. v. Hackett*, 368 S.W.3d 765, 772 (Tex. App.—Fort Worth 2012, pet. denied) ("As a general rule, an amended pleading supersedes the original pleading.").

---

[4]Even if Brooks had not filed an amended pleading, Centre Station failed to preserve its special exceptions to the original petition by failing to obtain a ruling. *See Smith v. Grace*, 919 S.W.2d 673, 678 (Tex. App.—Dallas 1996, writ denied); *R.I.O. Sys., Inc. v. Union Carbide Corp.*, 780 S.W.2d 489, 491 (Tex. App.—Corpus Christi–Edinburg 1989, writ denied). And because the trial court was not required to rule on those special exceptions before granting summary judgment, we overrule Brooks's fifth issue. *See In re J.A.*, No. 02-21-00140-CV, 2022 WL 2353096, at *3 (Tex. App.—Fort Worth June 30, 2022, no pet.) (mem. op.) ("A summary-judgment ruling must be based on the timely-filed, live pleadings at the time of the hearing.") (citing Tex. R. Civ. P. 166a(c)).

Although, generally, a trial court reversibly errs by granting summary judgment on a claim not addressed in the summary-judgment motion, such an error is harmless when the omitted cause of action is precluded as a matter of law by other grounds raised in the case. *G & H Towing Co. v. Magee*, 347 S.W.3d 293, 297–98 (Tex. 2011). Thus, "when a summary-judgment movant fails to amend its motion after an amended or supplemental petition" is filed, summary judgment is nevertheless harmless when "(1) the amended or supplemental petition essentially reiterates previously pleaded causes of action, (2) a ground asserted in the motion for summary judgment conclusively negates a common element of the newly and previously pleaded claims, or (3) the original motion is broad enough to encompass the newly asserted claims." *RayMax Mgmt., L.P. v. Am. Tower Corp.*, No. 02-15-00298-CV, 2016 WL 4248041, at *7 (Tex. App.—Fort Worth Aug. 11, 2016, pet. denied) (mem. op.) (citing *Bridgestone Lakes Cmty. Improvement Assoc., Inc. v. Bridgestone Lakes Dev. Co.*, 489 S.W.3d 118, 123 (Tex. App.—Houston [14th Dist.] 2016, pet. denied)).

Brooks's amended petition reiterated the majority of her prior complaints and also added new complaints, some of which share elements of proof common to her prior complaints. Thus, Centre Station clearly and adequately moved for a no-evidence summary judgment on Brooks's claims for (1) negligence and mental-anguish damages from that negligence;[5] (2) violation of Property Code Section 92.052;

---

[5]Although nothing in Centre Station's no-evidence motion can be construed to argue that summary judgment was proper because negligent infliction of emotional

(3) intentional infliction of emotional distress; (4) wrongful retaliation, eviction, or both under Sections 92.331–.335 of the Property Code;[6] and (5) private nuisance[7] by allowing a third-party trash contractor to commit theft on the property. *See* Tex. R. Civ. P. 166a(i). Additionally, to the extent that Brooks's references to safety in her breach-of-warranty-of-habitability claim pertain to her complaint about a third-party trash contractor committing theft, the no-evidence motion was sufficiently broad to cover that part of that claim as well.

But Centre Station's motion cannot be construed so broadly as to encompass moving for a no-evidence summary judgment as to Brooks's legal and factual allegations that Centre Station had (1) breached the lease by allowing human blood to remain on the breezeway for several weeks; (2) violated Property Code Section 92.201 by failing to disclose the record title owner's name and address; (3) maintained a

---

distress is not recognized as a cause of action in Texas, *see Boyles v. Kerr*, 855 S.W.2d 593, 595–96, 603 (Tex. 1993) (op. on reh'g), summary judgment on that claim is nevertheless harmless. Centre Station specifically claimed that Brooks could produce no evidence that it had caused Brooks emotional distress. *See G & H Towing Co.*, 347 S.W.3d at 297–98; *RayMax Mgmt., L.P.*, 2016 WL 4248041, at *7.

[6]Brooks did not specifically mention harassment in her amended petition, but to the extent it could be construed as a part of her retaliation complaint, Centre Station's motion sufficiently addressed that claim.

[7]One of the four elements of a private-nuisance claim is that the defendant's conduct resulted in a condition that substantially interfered with the plaintiff's use and enjoyment of his land. *Barnes v. Mathis*, 353 S.W.3d 760, 763 (Tex. 2011); *Cerny v. Marathon Oil Corp.*, 480 S.W.3d 612, 622 (Tex. App.—San Antonio 2015, pet. denied).

common nuisance;[8] (4) committed a private nuisance by "maintain[ing] the loud disruptions [and] noise from the bathroom plumbing after several complaints"; (5) breached the warranty of habitability by failing to provide safe premises free of hazardous waste; and (6) breached the warranty of quiet enjoyment due to "trash throughout the community," insect infestation, and the failure to remove human blood from the premises.[9] Of these six, only the second allegation involved an alleged fact and claim that was included in the original petition; the summary-judgment motion did not allege that Brooks could produce no evidence for any of the foregoing new claims or facts, or any element common to those claims. And even though Brooks had raised the second of the foregoing claims in her original petition as well as in her amendment, Centre Station failed to address it in its no-evidence motion.

---

[8]"A person maintains a common nuisance if the person maintains a multiunit residential property to which persons habitually go to commit [twenty-eight specifically listed categories of] acts [but not theft] . . . and knowingly tolerates the acts and furthermore fails to make reasonable attempts to abate the acts." Tex. Civ. Prac. & Rem. Code Ann. § 125.0015(b) (referring to acts listed in subsection (a)).

[9]The elements of an action for breach of the warranty of quiet enjoyment are (1) the landlord's intent that the tenant no longer enjoy the premises, (2) the landlord's material act that substantially interferes with the tenant's intended use and enjoyment of the premises, (3) an act that permanently deprives the tenant of the use and enjoyment of the premises, and (4) the tenant's abandonment of the premises within a reasonable time after the act's commission. *Bagby 3015, LLC v. Bagby House, LLC*, No. 01-22-00463-CV, 2023 WL 3512066, at *6 (Tex. App.—Houston [1st Dist.] May 18, 2023, no pet.); *1221 Eldridge Rd., Inc. v. Life Changing Ministries & Fellowship, Inc.*, No. 01-14-00893-CV, 2016 WL 268689, at *8 (Tex. App.—Houston [1st Dist.] Jan. 21, 2016, pet. denied) (mem. op.).

Thus, summary judgment was not proper as to these six claims, and we sustain Brooks's seventh issue in part.

We will address Brooks's remaining issues only to the extent they challenge the propriety of summary judgment on the claims that were specifically addressed in Centre Station's motion.

**Brooks Did Not File Timely Response**

In her third issue, Brooks contends that the trial court erred by failing to consider the merits and by granting summary judgment simply because she failed to properly file her response. But because Brooks did not file competent summary-judgment evidence, the trial court had no choice but to grant the motion on the claims specifically addressed in Centre Station's motion.

Summary-judgment evidence must be presented in a form that would be admissible at trial. *Enter. Ctr. Giddings, L.L.C. v. Buscha*, No. 03-21-00394-CV, 2022 WL 17996660, at *2 (Tex. App.—Austin Dec. 30, 2022, no pet.) (mem. op.); *Est. of Guerrero*, 465 S.W.3d 693, 706 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) (en banc). Documents submitted as summary-judgment proof must be sworn to or certified. Tex. R. Civ. P. 166a(f); *Heirs of Del Real v. Eason*, 374 S.W.3d 483, 488 (Tex. App.—Eastland 2012, no pet.). A trial court may not consider documents that are unauthenticated or unsworn. *Enter. Ctr. Giddings, L.L.C.*, 2022 WL 17996660, at *2; *Consol. Healthcare Servs., LLC. v. Mainland Shopping Ctr., Ltd.*, 589 S.W.3d 915, 923–24 (Tex. App.—Houston [14th Dist.] 2019, no pet.).

None of the papers Brooks filed with the court were sworn or certified. Thus, she filed nothing that the trial court could have considered as responsive evidence in accordance with Rule 166a(i). Absent a timely, proper response, a trial court must grant a no-evidence motion for summary judgment that meets the requirements of Rule 166a(i). *See Polecat Hill, LLC v. City of Longview*, 648 S.W.3d 315, 334–35 (Tex. App.—Texarkana 2021, no pet.). We therefore overrule Brooks's third issue.

### Summary Judgment Does Not Violate Seventh Amendment

Brooks argues in her fourth issue that the trial court violated her Seventh Amendment jury-trial right by granting summary judgment. U.S. Const. amend. VII. "But[] when a party cannot show a material fact issue, there is nothing to submit to a jury, and the granting of summary judgment to the opposing party does not violate the constitutional right to a jury trial." *Pegues v. Adecco USA, Inc.*, No. 13-16-00383-CV, 2017 WL 3634114, at *5 (Tex. App.—Corpus Christi–Edinburg Aug. 24, 2017, pet. denied) (mem. op.). Accordingly, we overrule Brooks's fourth issue.

### Traditional Summary Judgment on Res Judicata Erroneous

In her sixth issue, Brooks contends that the judgment erroneously purports to grant summary judgment on both traditional and no-evidence grounds. Although Centre Station's motion purports to be a no-evidence motion only, it contains an alternative argument that Brooks's wrongful eviction claim is barred by res judicata. Because res judicata is an affirmative defense, Centre Station could have sought only a traditional summary judgment on that ground. *See Farmland Partners Inc. v. First*

14

*Sabrepoint Cap. Mgmt., L.P.*, No. 05-22-00010-CV, 2023 WL 4286017, at *5 & n.15 (Tex. App.—Dallas June 30, 2023, no pet. h.) (mem. op.). But Centre Station did not attach any evidence to its summary-judgment motion.

Although the word "Traditional" in the judgment appears to be a typo, the judgment also grants Centre Station's motion "in its entirety." To the extent that the judgment purports to grant a traditional summary judgment, therefore, it is in error. We sustain Brooks's sixth issue insofar as it challenges the granting of a traditional summary judgment on any of her claims.

**Conclusion**

Having sustained Brooks's sixth issue and her seventh issue in part, we modify the judgment to delete any reference to granting a traditional summary judgment, and we reverse the trial court's judgment on the following claims only:

- that Centre Station breached the lease by allowing human blood to remain on the breezeway for several weeks;

- that Centre Station violated Property Code Section 92.201 by failing to disclose the record title owner's name and address;

- that Centre Station allowed a common nuisance on the premises;

- that Centre Station committed a private nuisance by "maintain[ing] the loud disruptions [and] noise from the bathroom plumbing after several complaints";

- that Centre Station breached the warranty of habitability by failing to provide safe premises free of hazardous waste; and

- that Centre Station breached the warranty of quiet enjoyment due to "trash throughout the community," insect infestation, and the failure to remove human blood from the premises.

Having overruled Brooks's remaining issues as to her other pleaded claims, we affirm the trial court's judgment on those claims. We remand this case for further proceedings consistent with this opinion.

/s/ Dabney Bassel

Dabney Bassel
Justice

Delivered: August 17, 2023