RANDALL NOE CHRYSLER DODGE, LLP, Randall Noe Chrysler Dodge Jeep, and Randall Noe Ford Mercury, LLP, Appellants,

v.

OAKLEY TIRE COMPANY and Kyle Oakley, Appellees.

No. 05–08–00032–CV.

Court of Appeals of Texas, Dallas.

March 31, 2010.

Scott W. MacLaren, Byrne, Cardenas & Smitherman, LLP, Dallas, TX, Rex W. Dwyer, Dwyer Law Firm, Rockwall, TX, Appellants

Kelly M. Crain, Gregory R. Ave, Riann C. Moore, Walters, Balido & Crain, LLP, Dallas, TX, for Appellees.

Before Justices BRIDGES, O'NEILL, and FITZGERALD.

## OPINION

Opinion By Justice BRIDGES.

Randall Noe Chrysler Dodge, LLP, Randall Noe Chrysler Dodge Jeep, and Randall Noe Ford Mercury LLP appeal

the trial court's summary judgment in favor of Oakley Tire and Kyle Oakley. In eight points of error, Randall Noe argues the trial court erred in granting summary judgment in favor of Oakley on Randall Noe's negligence, trespass, nuisance, negligence per se, and trespass per se claims. In addition, Randall Noe argues summary judgment was improperly granted in favor of Kyle Oakley in his individual capacity. We affirm the trial court's judgment.

Randall Noe and Oakley own adjacent business properties. In August 2005, Oakley hired Bobby Howard Isget to paint the front of Oakley's building. Isget had worked as a painter for twenty-five years, and Oakley had hired Isget to paint "three, maybe four" commercial properties and "six or ten" residential projects. Oakley considered Isget's work "good and reliable." In 1997, Oakley had hired another independent contractor to paint the entire exterior of his building. Oakley advised Randall Noe in 1997 when the contractor was painting the rear of the building adjacent to Randall Noe's parking lot to keep from interfering with Randall Noe's business. The 2005 painting involved only the front of Oakley's building, and Oakley did not inform Randall Noe. Randall Noe subsequently filed the underlying lawsuit, alleging its vehicles were damaged by the spray painting Isget performed at Oakley's building. Randall Noe asserted causes of action against Oakley under various negligence, nuisance, and trespass theories and alleged causes of action against Kyle Oakley individually. Oakley filed traditional and no-evidence motions for summary judgment in which he argued, among other things, that Isget was an independent contractor and Oakley was therefore not liable for Isget's negligence. The trial court granted summary judgment in favor of Oakley without specifying the grounds on which the motion was granted. This appeal followed.

■ Initially, we note that all of Randall Noe's arguments assert the trial court erred in granting summary judgment. The standards for reviewing a summary judgment are well established. The party moving for summary judgment has the burden of showing no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *See* Tex.R. Civ. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548 (Tex.1985). In deciding whether a disputed material fact issue exists, precluding summary judgment, evidence favorable to the nonmovant will be taken as true. *Nixon,* 690 S.W.2d at 548–49. Further, every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *Id.* When both parties move for summary judgment, each party bears the burden of establishing that it is entitled to judgment as a matter of law. *City of Garland v. Dallas Morning News,* 22 S.W.3d 351, 356 (Tex.2000). We review the summary judgment evidence presented by both parties and determine all questions presented. *Id.* The reviewing court should render the judgment that the trial court should have rendered, or remand if neither party has met its summary judgment burden. *Id.*

■ In its first issue, Randall Noe argues Oakley was responsible for Isget's actions or, alternatively, fact issues preclude summary judgment on Randall Noe's claims against Oakley for Isget's actions as a contractor working for Oakley. Generally, an employer has no duty to ensure that an independent contractor performs its work in a safe manner. *Fifth Club, Inc. v. Ramirez,* 196 S.W.3d 788, 791 (Tex.2006). However, an employer can be held vicariously liable for the actions of an independent contractor if the employer retains some control over the manner in which the

contractor performs the work that causes the damage. *Id.* A right of control requires more than a general right to order the work stopped or resumed, to inspect its progress or to receive reports, to make suggestions or recommendations which need not necessarily be followed, or to prescribe alterations and deviations. *Id.* at 791–92; *Koch Refining Co. v. Chapa,* 11 S.W.3d 153, 155 (Tex.1999). Such a general right is usually reserved to employers, but it does not mean that the contractor is controlled as to his methods of work or as to operative detail. *Ramirez,* 196 S.W.3d at 792; *Chapa,* 11 S.W.3d at 155. There must be such a retention of a right of supervision that the contractor is not entirely free to do the work in his own way. *Ramirez,* 196 S.W.3d at 792; *Chapa,* 11 S.W.3d at 155. Employers can direct when and where an independent contractor does the work and can request information and reports about the work, but an employer may become liable for the independent contractor's tortious acts only if the employer controls the details or methods of the independent contractor's work to such an extent that the contractor cannot perform the work as it chooses. *Ramirez,* 196 S.W.3d at 792; *Chapa,* 11 S.W.3d at 155.

■ Factors used to determine whether one is an independent contractor include: (1) the independent nature of the contractor's business; (2) his obligation to supply necessary tools, supplies, and materials; (3) his right to control the progress of the work except as to final results; (4) the time for which he is employed; and (5) the method by which he is paid, whether by the time or by the job. *Ross v. Texas One P'ship,* 796 S.W.2d 206, 210 (Tex.App.-Dallas 1990), *writ denied per curiam,* 806 S.W.2d 222 (Tex.1991). When the controlling facts are undisputed and only one reasonable conclusion can be inferred from

those facts, the question of whether a party is an independent contractor is a question of law. *Id.*

■ In this case, there was no evidence Oakley gave more than general directions to Isget or that it retained the right to control the manner in which Isget performed his job. In Randall Noe's brief, it argues Oakley "had the right to tell Isget," among other things, what kind of paint to use, how to apply the paint, when to apply the paint, and how to prepare before painting. Randall Noe cites Isget's deposition testimony to support this argument. However, Isget's testimony that Oakley "had the right" to direct his actions or "could have told" him what to do is no evidence Oakley actually retained such a right of supervision or that Isget was not entirely free to do the painting job in his own way. *Ramirez,* 196 S.W.3d at 792; *Chapa,* 11 S.W.3d at 155. Oakley's actions in telling Isget to "tape off all the windows, doors and concrete" before he began painting did not rise to the level of directing how the work was to be performed because Isget retained the right to perform the painting job by whatever method he chose. *See Ramirez,* 196 S.W.3d at 792. Based on the evidence and reasonable inferences, we determine Isget was an independent contractor as a matter of law.

■ Randall Noe further argues the work and activities performed by Isget were nondelegable duties because they were inherently dangerous and because they violated section 382.085 of the health and safety code. Therefore, Randall Noe argues, Oakley remained liable for Isget's acts and omissions. In Texas, business owners and employers alike are generally held liable for an independent contractor's tortious acts only if the employer maintains detailed control over the independent contractor's acts or if the work itself involves a nondelegable duty, whether inher-

ently dangerous or statutorily prescribed. *Ramirez*, 196 S.W.3d at 795. A duty is nondelegable when it is imposed by law on the basis of concerns for public safety, and the party bearing the duty cannot escape it by delegating it to an independent contractor. *Id.* (citing *MBank El Paso, N.A. v. Sanchez*, 836 S.W.2d 151, 153 (Tex.1992)).

■ Randall Noe cites no Texas cases holding that using a spray apparatus to apply paint is an inherently dangerous activity.[1] Though appellant argues section 382.085 of the Texas Clean Air Act prohibits the painting activity at issue in this case, we decline to hold that merely painting a building with a spray apparatus constitutes the "emission of any air contaminant or the performance of any activity that causes or contributes to, or that will cause or contribute to, air pollution" as contemplated by the Act. *See* TEX. HEALTH & SAFETY CODE ANN. § 382.085(a) (Vernon 2001). Appellants argue we should expand by judicial edict the premise that every house painter in Texas is subject to the Texas Health and Safety Code by the use of outdoor spraying equipment and every time paint is sprayed it violates the Act. We decline to do so. Accordingly, summary judgment was proper on Randall Noe's claims that Oakley was responsible for Isget's actions, and fact issues did not preclude summary judgment on Randall Noe's claims against Oakley for Isget's actions as a contractor working for Oakley. *See Nixon*, 690 S.W.2d at 548. We overrule Randall Noe's first issue.

In its sixth issue, Randall Noe argues Oakley's alleged violation of section 382.085 of the Texas Health and Safety Code constituted trespass, trespass per se, negligence, and negligence per se. However, we have concluded the painting activity in this case did not violate section 382.025. Accordingly, there is no violation of section 382.025 to support Randall Noe's claims of trespass, trespass per se, negligence, and negligence per se. Thus, summary judgment was proper on these claims. *See Nixon*, 690 S.W.2d at 548. We overrule Randall Noe's sixth issue.

In its second issue, Randall Noe argues the trial court erred in granting summary judgment as to all of its claims of independent negligence on the part of Oakley. Specifically, Randall Noe argues Oakley was independently negligent in failing to warn of the spray painting activities, failing to maintain insurance on Isget, and failing to conduct a sufficient inquiry into Isget's qualifications as a painter.

■ To prevail on a negligence cause of action, a plaintiff must establish the existence of a duty, a breach of that duty, and damages proximately caused by the breach. *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex.2005). Proximate cause has two elements: cause in fact and foreseeability. *Id.* at 551. These elements cannot be satisfied by mere conjecture, guess, or speculation. *IHS Cedars Treatment Ctr. v. Mason*, 143 S.W.3d 794, 798–99 (Tex.2004). The test for foreseeability is satisfied if a person of ordinary intelligence should have anticipated the danger caused by his negligent conduct. *Travis v. City of Mesquite*, 830 S.W.2d 94, 98 (Tex. 1992). Randall Noe argues Oakley was aware of the substantial number of vehicles on Randall Noe's property, knew Is-

1. We note the cases cited by Randall Noe on this issue involve the spraying of poisonous herbicides, not paint. *Foust v. Estate of Walters*, 21 S.W.3d 495, 507–08 (Tex.App.-San Antonio 2000, pet. denied) (aerial application of herbicide); *Gragg v. Allen*, 481 S.W.2d 452, 453 (Tex.Civ.App.-Waco 1972, writ dism'd) (spraying poisonous herbicides); *Leonard v. Abbott*, 357 S.W.2d 778, 781 (Tex.Civ.App.-Texarkana 1962), *rev'd on other grounds*, 366 S.W.2d 925 (Tex.1963) (aerial spraying of herbicides).

get's work might cause overspray, and knew the overspray might get paint on the vehicles. Randall Noe argues Oakley knew it had a duty to notify neighboring property owners of spray painting activities because Oakley had provided such notice in 1997 when it painted the rear of its building. On that occasion, Oakley provided notice so that Randall Noe could move its vehicles out of the way.

The summary judgment evidence included Oakley's affidavit that he had previously hired Isget, who completed previous painting jobs in an acceptable manner. Oakley hired Isget to paint only the front of his building. Isget was not instructed to spray paint the front of the building. Randall Noe's property and vehicles were all located on the opposite side of the building from where the painting was being done. The closest vehicle on Randall Noe's property was thirty to fifty feet away from where Isget was painting. In 1997, Oakley notified Randall Noe of the painting because it was necessary to interrupt Randall Noe's business at that time, and the painting was on the back of the building next to Randall Noe's property. Oakley did advise Isget to be aware that the parking lot near the front of Oakley's building would fill up with cars on Sunday morning after church with customers of a nearby restaurant. On Sunday, Isget stopped painting for approximately two and a half hours and waited until the parking lot at the front of the Oakley building cleared.

Thus, the circumstances under which Isget painted involved a different location than the painting job Oakley warned Randall Noe about in 1997. Further, Oakley did not instruct Isget to use a spray paint apparatus, and Isget was left to complete the job on his own. Under these circumstances, we conclude it was not foreseeable that Isget would use a spray paint apparatus and cause overspray to contact Randall Noe's cars on the other side of Oakley's building. *See Mason,* 143 S.W.3d at 798–99; *Travis,* 830 S.W.2d at 98. Because the overspray was not foreseeable, Oakley was not negligent in failing to obtain insurance to cover losses resulting from the overspray or further inquire into Isget's qualifications as a painter. It was only foreseeable that the front of Oakley's building would be damaged by a lack of insurance or a lack of qualification on the part of Isget. Accordingly, summary judgment was proper as to all of Randall Noe's claims of independent negligence on the part of Oakley. *See Nixon,* 690 S.W.2d at 548. We overrule Randall Noe's second issue.

In its third issue, Randall Noe argues the evidence establishes Oakley and Isget were engaged in a negligent activity, and summary judgment was inappropriate on its negligent activity claim. Specifically, Randall Noe argues it raised a viable claim that it was injured "as a contemporaneous result of the negligent spray painting activities." However, we have already concluded Isget operated as an independent contractor in painting Oakley's building. Thus, whether or not Isget was negligent in performing the work, Isget operated independently of Oakley, and Oakley did not participate in Isget's alleged "negligent activity." *See Ramirez,* 196 S.W.3d at 792. Summary judgment was therefore proper on Randall Noe's negligent activity claim. *See Nixon,* 690 S.W.2d at 548. We overrule Randall Noe's third issue.

In its fourth and fifth issues, Randall Noe argues Oakley committed a common law trespass and common law nuisance, making summary judgment inappropriate on Randall Noe's trespass and nuisance claims. To recover damages for trespass to real property, a plaintiff must prove that (1) the plaintiff owns or has a

lawful right to possess real property, (2) the defendant entered the plaintiff's land and the entry was physical, intentional, and voluntary, and (3) the defendant's trespass caused injury to the plaintiff. *Wilen v. Falkenstein*, 191 S.W.3d 791, 798 (Tex.App.-Fort Worth 2006, pet. denied). Concerning the intent element of the tort, trespass requires only proof of interference with the right of possession of real property; the only relevant intent is that of the actor to enter the property. *Id.* Generally, for an actionable nuisance to arise, a defendant must engage in one of three types of conduct: (1) intentional invasion of another's interests; (2) negligent invasion of another's interests; or (3) other conduct, culpable because abnormal and out of place in its surroundings, that invades another's interests. *Hicks v. Humble Oil & Ref. Co.*, 970 S.W.2d 90, 96 (Tex.App.-Houston [14th Dist.] 1998, pet. denied). Common to both trespass and nuisance is a requirement of intentional or negligent action on the part of the actor. *See id.; Wilen*, 191 S.W.3d at 798. Here, Isget, operating independently, caused the overspray. As discussed above, Oakley and Oakley Tire did not participate in Isget's painting activities and did not act intentionally or negligently in causing the overspray and resulting damages to Randall Noe. Accordingly, the trial court correctly granted summary judgment on Randall Noe's claims of trespass and nuisance. *See Nixon*, 690 S.W.2d at 548. We overrule Randall Noe's fourth and fifth issues.

In its seventh issue, Randall Noe complains the trial court erred in entering summary judgment on its trespass and trespass per se claims based on Oakley's alleged violation of section 75.002(h) of the civil practice and remedies code. Section 75.002(h) provides that an owner, lessee, or occupant of real property in this state is liable for trespass as a result of migration or transport of any air contaminant, as defined in section 382.003(2), Health and Safety Code, other than odor, only upon a showing of actual and substantial damages by a plaintiff in a civil action. TEX. CIV. PRAC. & REM.CODE ANN. § 75.002(h) (Vernon Supp.2009). However, section 75.003(d) provides that chapter 75 does not create any liability. TEX. CIV. PRAC. & REM.CODE ANN. § 75.003(d) (Vernon 2005). We have already concluded painting is not an "emission of any air contaminant or the performance of any activity that causes or contributes to, or that will cause or contribute to, air pollution" as contemplated by the Texas Clean Air Act. *See* TEX. HEALTH & SAFETY CODE ANN. § 382.085(a) (Vernon 2001). Under these circumstances, summary judgment was appropriate on Randall Noe's claims based on a violation of section 75.002(h). *See Nixon*, 690 S.W.2d at 548. We overrule Randall Noe's seventh issue.

In its eighth issue, Randall Noe argues Oakley's assertion that he acted solely in his corporate capacity as president of Oakley Tire should not support summary judgment relieving him of individual liability. Because we have already concluded Oakley was not liable in his individual capacity, we need not further address Randall Noe's eighth issue.

We affirm the trial court's judgment.