**KHYBER HOLDINGS, LLC, Appellant,**

v.

**BAC HOME LOANS SERVICING, LP f/k/a Countrywide Home Loans, Inc. for the benefit of UBS Warburg Real Estate Securities, Inc., Appellee.**

No. 05–10–01334–CV.

Court of Appeals of Texas, Dallas.

Aug. 18, 2011.

G.P. Matherne, Spring, for Appellant.

Michael J. McKleroy, Jr., Robert F. Maris, Robert S. Alcorn, Matthew Wiley Lindsey, Maris & Lanier, P.C., Dallas, for Appellee.

Before Justices MORRIS, MOSELEY, and FITZGERALD.

## OPINION

Opinion By Justice MORRIS.

This is an appeal from a summary judgment in an action brought pursuant to the Texas Uniform Declaratory Judgment Act. BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans, Inc. for the benefit of UBS Warburg Real Estate Securities, Inc. sought a declaration that it had a right to redeem certain residential real property under the Texas Residential Property Owners Protection Act. The trial court granted summary judgment in favor of BAC and denied the cross-motion for summary judgment filed by Khyber Holdings, LLC. In two issues, Khyber contends the trial court erred in declaring that BAC properly exercised its right to redeem the property because BAC is not a person within the meaning of the Act and it did not timely tender its redemption payment under the Act. We affirm the trial court's judgment.

## I.

BAC acquired residential real property in Cedar Hill, Texas by special warranty deed from Mortgage Electronic Registration Systems Inc. About three years later, Khyber purchased the property for $99,000 at a sale foreclosing an assessment lien held by the Property Owners Association of Lake Ridge. An "Affidavit as to Mailing of Post–Foreclosure Notice" dated the same day as the assessment lien deed stated that on June 8, 2009 a letter notifying BAC of the foreclosure sale was mailed to its last known address. In response, by certified letter, return receipt requested, dated August 31, 2009, BAC notified Khyber of its intent to redeem the property pursuant to the Texas Residential Property Owners Act. After Khyber failed to respond within the time set forth in BAC's August 31 letter, BAC filed this action seeking a declaration that it was entitled to redeem the property for $99,000. On November 29, 2009, Khyber mailed to BAC an undated letter indicating the price to redeem the property was $99,000. This letter was sent by certified mail, return receipt requested. BAC asserts it tendered a $99,000 cashier's check and a redemption deed to Khyber on December 9, 2009. Khyber refused BAC's tender, which it claimed to have received on December 11, 2009, asserting the redemption period expired at midnight on December 8, 2009. After hearing both parties' motions for summary judgment, the trial court ruled in favor of BAC declaring that it properly exercised its right of redemption and title to the property should be conveyed to BAC. Khyber filed this appeal.

## II.

The standard of review for traditional summary judgments is well-settled. We review de novo the court's trial ruling to determine whether the moving party has established its right to judgment as a matter of law. *Carbonara v. Tex. Stadium Corp.*, 244 S.W.3d 651, 654 (Tex.App.-Dallas 2008, no pet.). When reviewing a traditional summary judgment, we examine the entire record in the light most favorable to the nonmovant to determine whether the summary judgment movant has shown no material fact issue exists and it is entitled to judgment as a matter of law. *Id.*

 In its first issue, Khyber asserts the trial court erred in granting BAC summary judgment because BAC is not a "person" entitled to redeem property within the meaning of the Act. When construing a statute, the words the legislature chooses are the surest guide to its intent. *See Presidio Indep. Sch. Dist. v. Scott*, 309 S.W.3d 927, 930 (Tex.2010). Thus we construe the text according to its plain and common meaning unless a contrary intention is apparent from the context or the construction leads to an absurd result. *Id.* The Texas Residential Property Owners Act is located in the Property Code, which adopts the conventions of statutory construction provided in the Code Construction Act except as otherwise expressly provided. *See* TEX. PROP.CODE ANN. § 1.002 (West 2004).

The Texas Residential Property Owners Act defines "Owner" as a "person who holds record title to property in a residential subdivision and includes the personal representative of a person who holds record title to property in a residential subdivision." TEX. PROP.CODE ANN. § 209.002 (West 2007). The word "person" is not defined in the Act. Under the Code Construction Act, however, the following defi-

nition of "person" applies unless the statute or context in which the word or phrase is used requires a different definition: " 'Person' includes corporation, organization, government or governmental subdivision or agency, business trust, partnership association and any other legal entity." TEX. GOV'T CODE ANN. § 311.005(2) (West 2005). Thus, we conclude that BAC is a "person" entitled to redeem property under the Act.

Khyber argues that because the bill analysis performed by the Senate Research Center states that the bill's purpose is "to provide guidelines for the operation of associations as well as specific protections for Texas homeowners living in association-managed communities," the word "person" is necessarily restricted to those "Texas homeowners living in association-managed communities." Khyber has failed to provide any legal authority for its position that the analysis from the Senate Research Center should be used to interpret the Act's use of the word "person" in its definition of "owner." Where, as here, the enacted language of the Act clearly indicates the Legislature's intent to include BAC as a person entitled to redemption, our inquiry ends. *See McIntyre v. Ramirez*, 109 S.W.3d 741, 745 (Tex.2003).

 In its second issue, Khyber asserts that the trial court's summary judgment was improper because BAC did not timely tender its redemption payment. The ultimate success of Khyber's argument depends on when the redemption period expired. The Act requires the property owners' association to provide the owner with written notice of the foreclosure sale and the owner's right to redeem no later than thirty days after the sale has occurred. TEX. PROP.CODE ANN. § 209.010(a) (West 2010). The notice must be sent by certified mail, return receipt requested. *Id.* § 209.010(b). If the owner sends by

certified mail, return receipt requested, a written request to redeem the property on or before the last day of the redemption period, the owner has until the tenth day after the association or purchaser at foreclosure provides written notice to the owner of the amount needed to be paid to redeem the property. *Id.* § 209.011(m).

It is undisputed that on August 31, 2009, BAC sent written notice to Khyber by certified mail, return receipt requested, requesting to redeem the property. It is also undisputed that on November 29, 2009, Khyber mailed BAC a certified letter, return receipt requested, setting forth the $99,000 redemption price. The parties' disagreement centers around whether the ten-day extension period runs from November 29 (the date Khyber mailed the letter) or December 2 (the date BAC received the letter). We conclude, however, that even if the extension period ran from the date Khyber mailed the letter, Khyber's argument fails.

Khyber argues that because section 209.011(m) does not specify the method by which it is to "provide written notice," rule 21a of the Texas Rules of Civil Procedure controls the disposition of the issue. Thus, it argues, the "mailbox rule" applies and the redemption period was only extended to December 9, ten days after Khyber's November 29 mailing. Assuming that rule 21a applies, we disagree with Khyber's analysis. Rule 21a deems service by mail complete upon deposit of the paper with the United States Post Office in a postpaid, properly addressed wrapper. TEX.R. CIV. P. 21a. Rule 21a, however, also provides that whenever a party has a right or is required to do some act within a prescribed period after service of a notice by mail, three days shall be added to the prescribed period. *Id.* If we apply this rule to the present facts, the redemption period did not expire until December 12.

Khyber admits it received tender of the redemption check on December 11. Accordingly, the record conclusively established BAC timely exercised its right to redeem the property.

Having concluded that both of Khyber's issues are without merit, we affirm the trial court's judgment.