**AFFIRMED; Opinion Filed March 5, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-12-01212-CV

### KHYBER HOLDINGS, LLC, Appellant
### V.
### HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE ASSET BACKED PASS-THROUGH CERTIFICATES EQUITY LOAN TRUST, SERIES 2006-FM2, Appellee

**On Appeal from the 68th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-09-13980**

## MEMORANDUM OPINION
Before Justices Moseley, Bridges, and Evans
Opinion by Justice Evans

Appellee HSBC Bank USA, National Association, as Trustee for the Asset Backed Pass-Through Certificates Equity Loan Trust, Series 2006-FM2 ("HSBC") brought suit against Khyber Holdings, LLC ("Khyber") to redeem property that had been sold to Khyber at a foreclosure sale. The trial court rendered judgment for HSBC after a jury made findings in HSBC's favor. Concluding that the evidence was sufficient to support the jury's findings, we affirm the trial court's judgment.

### BACKGROUND

HSBC is a residential mortgage lending institution. In late 2007, HSBC foreclosed on a mortgage lien against real property in Cedar Hill, Texas (the "Property"), and purchased the

Property at a mortgage foreclosure sale. HSBC failed to pay assessments on the Property to the Property Owners Association of Lake Ridge. Khyber purchased the Property on June 9, 2009, after the property owners' association foreclosed on its assessment lien.

HSBC was notified of the foreclosure and attempted to redeem the property pursuant to Chapter 209 of the Texas Property Code. *See* TEX. PROP. CODE ANN. § 209.011 (West Supp. 2013) (right of redemption after foreclosure). Most of the evidence regarding HSBC's attempt to redeem is undisputed. Notice of the foreclosure was mailed to HSBC on June 9, 2009. *See* TEX. PROP. CODE ANN. § 209.010 (property owners' association conducting foreclosure sale must send written notice to property owner). Therefore, the period during which HSBC could redeem the property ran for 180 days from June 9, or until December 6, 2009. *See id.*, § 209.011(a).

HSBC concedes that there was an error in its redemption notice to Khyber. On September 9, 2009, attorney Chris Pochyla sent a letter to Khyber by certified mail, return receipt requested, seeking to redeem the Property. *See* TEX. PROP. CODE ANN. § 209.011(m) (regarding written request to redeem). In the letter, designated as Plaintiff's Exhibit 7 at trial, the correct address was given for the Property, but the owner was incorrectly identified as "Countrywide Home Loans, Inc. for the Benefit of UBS Warburg Real Estate Securities, Inc." ("Countrywide"). In his testimony at trial, Pochyla explained that he represented BAC Home Loans Servicing, LP ("BAC"), the loan servicing company used by both HSBC and Countrywide. Pochyla testified that Khyber had purchased two lots in the same subdivision from the same property owners' association at the same foreclosure sale.[1] Pochyla explained that he prepared a redemption letter for each lot without noticing that both letters reflected Countrywide as the owner.

---

[1] The Property is located on Southern Oaks Drive in Cedar Hill, Texas. The other lot discussed by Pochlya is located on Wood Lake Drive in Cedar Hill. In this opinion, we will refer to the second lot as the "Wood Lake Drive Lot."

Khyber did not respond to HSBC's September 9 letter. On October 7, 2009, HSBC filed this lawsuit seeking a declaratory judgment that it was entitled to redeem the Property. On November 29, 2009, Khyber answered, contending that HSBC was not entitled to redeem the Property. On the same date, however, Khyber sent a certified letter to Pochyla's law firm stating that the price to redeem the Property was $80,000.

On December 10, 2009, Pochyla sent a letter and check in the amount of $80,000 to Khyber to redeem the Property. The letter was sent via Federal Express. As in the September 9, 2009 letter, the Property was correctly identified by its street address. But the December 10 letter incorrectly identified the pending lawsuit, again reflecting Countrywide as the owner and plaintiff. Included in the mailing with the letter and check, however, was a copy of a redemption deed prepared for the conveyance of the Property from Khyber to HSBC. The redemption deed correctly showed HSBC as the grantee, and included not only the street address of the Property but also a correct property description referencing the map records of Dallas County, Texas. The letter, check, and redemption deed were admitted into evidence at trial as Plaintiff's Exhibit 13.

Khyber refused to allow redemption of the Property, and the case proceeded to trial. The jury found that HSBC timely requested to redeem the Property, and timely tendered to Khyber the amount necessary to redeem the Property. The jury also found that Khyber committed trespass to the Property and obtained an undue advantage from its use of the Property, and awarded the same amount of damages for each finding. The trial court rendered judgment that Khyber convey the Property to HSBC and pay damages of $59,144.32, the net amount of the damages found by the jury minus the amounts owed to Khyber in connection with the redemption by HSBC. This appeal followed.

## ISSUES

Khyber raises four issues complaining of the sufficiency of the evidence to support the jury's findings. First, Khyber contends the evidence is insufficient to support the jury's answers to questions about HSBC's timely request to redeem the property. Second, Khyber contends the evidence is insufficient to support the jury's answers to questions about HSBC's timely tendering of the payment to redeem the property. Third, Khyber argues the evidence is insufficient to support the jury's answers to questions regarding trespass and undue advantage. Fourth, Khyber contends that the jury should not have answered any questions awarding damages to Khyber because all of the predicate questions should have been answered no or should not have been answered at all.

## STANDARDS OF REVIEW

When a party challenges the legal sufficiency of the evidence, we consider the evidence in the light most favorable to the finding and indulge every reasonable inference that supports it. *See City of Keller v. Wilson,* 168 S.W.3d 802, 822 (Tex. 2005). We credit favorable evidence if a reasonable jury could and disregard contrary evidence unless a reasonable jury could not. *Id.* at 827. If the evidence would permit reasonable and fair-minded people to reach the finding under review, the legal sufficiency challenge fails. *Id.*

When a party challenges the factual sufficiency of the evidence, we consider all of the evidence and will set aside the finding only if the evidence supporting the finding is so weak or so against the overwhelming weight of the evidence that the finding is clearly wrong and manifestly unjust. *Id.* In conducting our review, we are mindful that the jury is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Id.* at 819; *Defterios v. Dallas Bayou Bend, Ltd.*, 350 S.W.3d 659, 663–64 (Tex. App.—Dallas 2011, pet. denied).

**APPLICABLE LAW**

Chapter 209 of the Texas Property Code provides procedures by which the owner of property in a residential subdivision may redeem property that has been foreclosed upon for failure to pay required assessments to a property owners' association. *See generally* TEX. PROP. CODE ANN. § 209.001–209.015 (West 2007 & Supp. 2013). Relevant here, a property owner may redeem property from any purchaser at a sale foreclosing a property owners' association's assessment lien "not later than the 180th day after the date the association mails written notice of the sale to the owner." *Id.*, § 209.011(b). If a lot owner sends by certified mail, return receipt requested, a written request to redeem the property on or before the last day of the redemption period, the right of redemption is extended until the tenth day after the date the purchaser provides written notice to the redeeming party of the amounts that must be paid to redeem the property. *Id.*, § 209.011(m). To redeem the property, the lot owner must pay the association all amounts due, plus interest and costs, and must pay the purchaser of the property the purchase price paid at the foreclosure sale, plus other amounts, fees, and costs specified in the statute. *See id.*, § 209.011(e). If the purchaser of the property fails to comply with the request to redeem, the lot owner may file suit. *Id.*, § 209.011(f).

An "owner" is defined in the statute as "a person who holds record title to property in a residential subdivision, including any improvements on the designated parcel." TEX. PROP. CODE ANN. § 209.002(6). In *Khyber Holdings, LLC v. BAC Home Loans Servicing, LP*, 349 S.W.3d 178 (Tex. App.—Dallas 2011, no pet.), an appeal arising from the attempted redemption of the Wood Lake Drive Lot, we rejected Khyber's argument that the statute applies only to "Texas homeowners living in association-managed communities," not to a mortgage lender that acquired property by foreclosure. *See id.* at 180. We concluded, "[w]here, as here, the enacted

language of the Act clearly indicates the Legislature's intent to include BAC as a person entitled to redemption, our inquiry ends." *Id.*

We construe redemption statutes liberally in favor of the right of redemption. *Jensen v. Covington*, 234 S.W.3d 198, 203 (Tex. App.—Waco 2007, pet. denied) (citing cases). The property owner bears the burden to prove payment or tender of redemption money to the purchaser of the property within the 180-day redemption period. *Id.* But an owner seeking to redeem property must only substantially comply with the redemption statute, because the enactment of the statute reflects the public policy in favor of redemption. *Id.* Substantial compliance is a fact issue to be determined by the trier of fact. *See U. Lawrence Bozé & Assocs., P.C. v. Harris Cnty. Appraisal Dist.*, 368 S.W.3d 17, 26 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (discussing redemption under the Texas Tax Code). Here, the jury was instructed without objection, "[a]n owner seeking to redeem property must only substantially comply with the redemption statute, as the enactment of the statute reflects the public policy in favor of redemption."

APPLICATION OF LAW TO FACTS

All of Khyber's issues are premised on its contention that because HSBC's certified letter requesting redemption incorrectly named the owner of the Property, HSBC never made any request to redeem under Chapter 209 of the Property Code. Khyber does not dispute that only substantial compliance is required, but argues that as a matter of law, it never received a redemption request from the owner of the Property as required by the statute. Khyber points to the definition of "owner" in section 209.002 and argues that the only request to redeem the Property was made by an entity that was not the owner. We disagree with Khyber's contentions and conclude that there was both legally and factually sufficient evidence to support the jury's

findings that HSBC timely requested redemption and timely tendered the amount required to do so.

At trial, the parties stipulated that HSBC was the owner of the Property on the date that Khyber purchased it. HSBC offered testimony from two witnesses that HSBC owned the property and retained BAC to act as servicer on its behalf. A witness from BAC testified that Pochyla's law firm was retained to act on HSBC's behalf regarding both the Property and the Wood Lake Drive Lot, and that Pochlya had authority from HSBC to redeem the Property from Khyber.

Pochyla sent the September 9, 2009 letter within the 180-day statutory redemption period. The letter correctly identified the Property. It correctly identified BAC as the servicer for the owner. It gave "formal notice" of the request to redeem the Property from Khyber, and cited the applicable provisions of Chapter 209 of the Texas Property Code. It requested, within ten days, a written itemization of amounts spent by Khyber "in costs on the property and the redemption amount." The letter was sent by certified mail, return receipt requested, and was received by Khyber on September 12, 2009.

Similarly, the original petition in this suit was filed on October 7, 2009, within the redemption period. There is no evidence of the method of service of the petition. Khyber filed an answer to the petition, however. The petition correctly identified HSBC as the plaintiff and the owner of the Property. It correctly identified the Property by address and by property description. It alleged that HSBC had "made the requisite attempt to perform a redemption" from Khyber "as authorized under the Texas Property Code." It identified and attached four documents as exhibits: 1) the substitute trustee's deed showing that HSBC owned the Property; 2) the assessment lien deed describing the Property, showing ownership by HSBC and conveyance to Khyber after default by HSBC and sale by the property owners' association;

3) the September 9, 2009 letter requesting redemption; and 4) the certified mail receipt showing delivery of the September 9 letter on September 12, 2009. The petition requested a declaratory judgment that HSBC "is entitled to redeem the Property from Defendant" pursuant to section 209.011(e) of the Texas Property Code.

Although Khyber argues that the petition did not "request to redeem" the Property and was not sent by certified mail, return receipt requested, as required by section 209.011(m), the petition nevertheless expressed HSBC's intent to redeem the Property. And Khyber does not deny receipt of the petition. It acted in response by filing an answer to the lawsuit. "[W]hen dealing with notice requirements, the technicalities of the method of service are not crucial when the purposes of the notice statute have been satisfied." *Butler v. Taylor*, 981 S.W.2d 742, 743 (Tex. App.—Houston [1st Dist.] 1998, no pet.) (notice by Express Mail was sufficient under statute requiring service by certified mail, return receipt requested, where actual notice was received and no harm was shown); *see also Spiegel v. Strother*, 262 S.W.3d 481, 483–84 (Tex. App.—Beaumont 2008, no pet.) (primary objective of rules relating to service is to provide notice so that the party will have an opportunity to be heard). Both the September 9 letter and the petition constitute some evidence of substantial compliance with the requirements of Chapter 209.

On November 29, 2009, the same day that Khyber answered HSBC's lawsuit, it also sent a letter to Pochyla's law firm stating the price to redeem the Property. Under section 209.011(m), Khyber's letter extended the redemption period for another ten days. TEX. PROP. CODE ANN. § 209.011(m).[2] On December 10, 2009, Pochyla sent a check in the amount

---

[2] In *Khyber Holdings, LLC*, we did not decide whether the ten-day period ran from November 29, the date the letter was sent, or from December 2, the date the letter was received. *See Khyber Holdings, LLC,*, 349 S.W.3d at 181. Similarly, we assumed without deciding that Rule 21a, Texas Rules of Civil Procedure, applied to add three days to the ten-day period. *Id.* Here, Khyber does not make any argument on these points, instead contending that the redemption period ended on December 6, 2009, because there was never any proper request to redeem made by the actual owner of the Property.

requested by Khyber to redeem the Property, which Khyber received on December 11. In addition to correctly identifying the address of the Property, the letter attached a redemption deed correctly identifying HSBC as the owner and correctly describing the Property.[3] The evidence showed that the redemption of the Wood Lake Drive Lot was made in exactly the same manner, one day earlier. In *Khyber Holdings, LLC*, we concluded that the right to redeem the Wood Lake Drive Lot was timely exercised before the redemption period expired on December 12. *See Khyber Holdings, LLC*, 349 S.W.3d at 181.

On December 17, 2009, Khyber's attorney sent a letter returning the checks that were tendered to redeem both the Property and the Wood Lake Drive Lot. The letter cited two reasons for Khyber's rejection of the tender. First, Khyber contended that the redemption period ended on December 9, 2009, ten days after Khyber gave written notice of the redemption amount on November 29, and that both checks were tendered to Federal Express after that date. Second, as noted above, Khyber contended that neither HSBC nor Countrywide was an "owner" under Chapter 209 because neither was a "homeowner living in an association-managed community." We rejected both of these contentions in *Khyber Holdings LLC*, and Khyber does not reassert them here. *See Khyber Holdings LLC*, 349 S.W.3d at 180–81. In the December 17 letter, Khyber did not complain that HSBC did not make a request to redeem the Property. Nor did it contend that there was any confusion on its part as to the Property in question or the attempt to redeem it by HSBC.

The jury also heard testimony from several different witnesses. As noted, Pochyla explained the mistake in the letter requesting redemption. He also testified that he was authorized to send the letter on behalf of HSBC as the owner of the property. He testified that in

---

[3] As noted above, these items (a total of four pages) were admitted into evidence as a single exhibit, Plaintiff's Exhibit 13. In Tab B of the Appendix to Khyber's brief, only the first two pages of Plaintiff's Exhibit 13 are included; the redemption deed showing HSBC as the owner is omitted. Appellee noted this omission in its brief.

a telephone conversation with Khyber's attorney, he made clear that he was attempting to redeem the Property on behalf of HSBC. The attorney representing Khyber during the relevant time period was called as an adverse witness, and admitted that Khyber received both the September 9, 2009 letter from Pochyla and the original petition during the redemption period. He admitted Khyber responded by sending a letter to Pochlya's firm stating the redemption price for the Property, although he denied that Khyber understood that HSBC was making the redemption request. Pochyla testified that he sent the amount stated in Khyber's letter as well as the redemption deed to Khyber in order to redeem the Property. HSBC also called an attorney representing the homeowners' association to testify that there were no amounts due to the association as of the end of the redemption period, and an expert witness to testify to its damages. As noted above, the jury was the sole judge of the credibility of these witnesses and the weight to give their testimony. *See City of Keller*, 168 S.W.3d at 819.

Section 209.011 establishes a 180-day period in which a lot owner may redeem property. *See* TEX. PROP. CODE ANN. § 209.011(b). The lot owner may extend this period by ten days if it sends a written request to redeem by certified mail, return receipt requested, and may redeem the property by paying specified sums to the purchaser. *See id.* at §§ 209.011(e), (m). From the evidence presented at trial, the jury could have concluded that the owner of the Property substantially complied with section 209.011's requirements. The jury found that HSBC timely requested to redeem the Property, timely tendered the amount necessary to redeem the Property, and made the tender of the amount necessary to Khyber. The evidence was both legally and factually sufficient to support these findings. *See City of Keller*, 168 S.W.3d at 827. We overrule Khyber's first two issues.

In support of its third issue, Khyber argues there was no evidence to support the jury's finding of trespass because Khyber, not HSBC, was the owner or had the right to possess the

property.  *See, e.g., Randall Noe Chrysler Dodge, LLP v. Oakley Tire Co.*, 308 S.W.3d 542, 548–49 (Tex. App.—Dallas 2010, pet. denied) (to recover damages for trespass, plaintiff must prove it owns or has lawful right to possess property).  Khyber asserts that it acquired title to the Property through the assessment lien deed in June, 2009.[4]  Relying on its arguments in support of its first two issues, Khyber contends HSBC never redeemed the Property, so that title remained in Khyber; HSBC could not establish it was the rightful owner; and therefore no trespass occurred.  *See id.*  We disagree.  As we have discussed, HSBC presented evidence at trial that it substantially complied with the statutory requirements to redeem the Property.  The evidence does not establish, therefore, that Khyber was the owner or had the right to possess the Property.  *See* TEX. PROP. CODE ANN. § 209.011(f) (if lot owner redeems property under section 209.011, purchaser of property at foreclosure shall immediately execute and deliver to redeeming party a deed transferring property to lot owner).[5]

Khyber's fourth issue challenges the jury's findings of damages on two grounds.  First, Khyber argues that because the liability questions should have been answered in the negative, the answers to the damages questions should have been zero.  We have addressed and rejected this argument in our discussion of Khyber's third issue.  Second, Khyber contends there was "no evidence that HSBC had an expectation of profits or that it lost revenue," so that the jury should have answered zero to the damages questions in the jury charge.  Khyber concedes, however, that "[l]oss of rentals is an appropriate measure of damages for the temporary loss of use of land."  *See, e.g., Lone Star Dev. Corp. v. Reilly*, 656 S.W.2d 521, 525 (Tex. App.—Dallas 1983, writ ref'd n.r.e.).

---

[4] In addition, the parties stipulated at trial that "Khyber was the purchaser of the property at the June 2nd, 2009 foreclosure sale conducted by the Property Owners Association of Lake Ridge."

[5] In its third and fourth issues, Khyber makes identical arguments regarding the jury's responses to Questions 8 and 9 of the jury charge, inquiring about HSBC's claim that Khyber obtained an undue advantage from its use of the Property.  Because we conclude that the evidence supports the jury's findings in response to Questions 4 and 5 regarding HSBC's claim of trespass, and the jury awarded the same amount of damages in both Question 5 and Question 9, we need not address Khyber's arguments regarding the jury's findings of undue advantage.

In its operative petition, HSBC pleaded a cause of action for trespass and asserted a "suit for rents," requesting damages for Khyber's use and occupation of the Property without HSBC's consent in the amount of the reasonable rental value of the Property from December 9, 2009, until Khyber surrendered possession. HSBC offered expert testimony at trial regarding the reasonable rental value of the property, and the jury's findings were consistent with that testimony. Khyber did not specially except to HSBC's pleading. It did not challenge the qualifications of the expert witness to testify regarding the reasonable rental value of the Property. It did not object to the question in the jury charge addressing the measure of damages for trespass. It did not challenge the factual sufficiency of the evidence to support the jury's damages finding in its motion for new trial. Its only arguments on appeal are that there was no evidence of an "expectation of profits" or "lost revenue," and that the damages questions should have been answered "zero" because HSBC never redeemed the Property. We overrule Khyber's third and fourth issues.

## CONCLUSION

We affirm the trial court's judgment.

121212F.P05

/David Evans/
DAVID EVANS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KHYBER HOLDINGS, LLC, Appellant

No. 05-12-01212-CV          V.

HSBC BANK USA, NATIONAL
ASSOCIATION, AS TRUSTEE FOR THE
ASSET BACKED PASS-THROUGH
CERTIFICATES EQUITY LOAN TRUST,
SERIES 2006-FM2, Appellee

On Appeal from the 68th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-09-13980.
Opinion delivered by Justice Evans.
Justices Moseley and Bridges participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee HSBC Bank USA, National Association, as Trustee for the Asset Backed Pass-Through Certificates Equity Loan Trust, Series 2006-FM2 recover its costs of this appeal from appellant Khyber Holdings, LLC.

Judgment entered this 5th day of March, 2014.

/David Evans/
DAVID EVANS
JUSTICE