**Opinion issued June 9, 2016**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-15-00676-CV

_____

**IRMA K. ORTEGA, AS NEXT FRIEND OF A.G.T., A MINOR, Appellant**

**V.**

**PHAN-TRAN PROPERTY MANAGEMENT, LLC, MINH PHAN AND MISTY TRAN, Appellees**

---

**On Appeal from the 334th District Court**
**Harris County, Texas**
**Trial Court Case No. 2013-74660**

---

## MEMORANDUM OPINION

Appellant, Irma K. Ortega, as Next Friend of A.G.T., a minor, challenges the trial court's rendition of summary judgment in favor of appellees, Phan-Tran Property Management, LLC, Minh Phan, and Misty Tran (collectively, "Phan-Tran"), in Ortega's suit against them for negligence and public nuisance. In two

issues, Ortega contends that the trial court erred in granting Phan-Tran summary judgment.

We affirm.

## Background

In her petition, Ortega alleged that on October 30, 2012, as A.G.T. walked to school, she "pass[ed] by" 2903 Red Bluff Road, Pasadena, Texas 77506 (the "property"), which is owned by Phan-Tran and leased to Sergio Castillo.[1] As A.G.T. walked by the property, "two pit bull dogs," owned by Castillo, "ran out of a fenced area" and "viciously attacked" her. As a result of the "attack[]," she sustained "serious bodily injuries."

Ortega asserted claims against Phan-Tran for negligence and public nuisance, seeking damages for the injuries that A.G.T. sustained. Specifically, Ortega alleged that A.G.T. "suffered physical and mental pain, suffering and anguish, and physical impairment," her injuries "resulted in disfigurement," and she has "incurred reasonable and necessary medical [expenses]."

In its no-evidence summary-judgment motion, Phan-Tran argued that it was entitled to summary judgment on Ortega's negligence claim because, even assuming that Phan-Tran "knew about" Castillo's dogs, "there is no evidence" that Phan-Tran

---

[1] Although Ortega also asserted negligence and public-nuisance claims against Castillo, the trial court dismissed the claims without prejudice following Ortega's motion to non-suit them.

was "aware that the dogs . . . had any dangerous propensit[ies]." Phan-Tran further argued that it was entitled to summary judgment on Ortega's public-nuisance claim because "there is no evidence" that Castillo's dogs "caused the type of community-wide harm that gives rise to claims for public nuisance" or that Phan-Tran "caused such harm intentionally, through negligence, or by conduct out-of-place with its surroundings."

In her response to Phan-Tran's motion, Ortega asserted that evidence existed that Phan-Tran "had actual knowledge of the presence and dangerous propensities of the pit bulls on the[] property" and Phan-Tran's "conduct made [them] liable for a public nuisance."

After a hearing, the trial court granted Phan-Tran's no-evidence summary-judgment motion, ordering that Ortega take nothing on her claims against Phan-Tran and dismissing them with prejudice.

**Standard of Review**

We review a no-evidence summary judgment de novo under the same legal-sufficiency standard used to review a directed verdict. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003); *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003). To prevail on a no-evidence summary-judgment motion, a movant must establish that there is no evidence of an essential element of the non-movant's cause of action or affirmative defense. TEX. R. CIV. P.

3

166a(i); *Fort Worth Osteopathic Hosp., Inc. v. Reese*, 148 S.W.3d 94, 99 (Tex. 2004). The burden then shifts to the non-movant to present evidence raising a genuine issue of material fact as to each of the elements challenged in the motion. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006); *Hahn v. Love*, 321 S.W.3d 517, 524 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). Although the non-movant is not required to marshal her proof, she must present evidence that raises a genuine issue of material fact on each of the challenged elements. TEX. R. CIV. P. 166a(i); *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004); *Mott v. Red's Safe & Lock Servs., Inc.*, 249 S.W.3d 90, 95 (Tex. App.—Houston [1st Dist.] 2007, no pet.). A no-evidence summary-judgment motion may not be granted if the non-movant brings forth more than a scintilla of evidence to raise a genuine issue of material fact on the challenged elements. *See Ridgway*, 135 S.W.3d at 600. More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997) (internal quotations omitted). When reviewing a no-evidence summary-judgment motion, we assume that all evidence favorable to the non-movant is true and indulge every reasonable inference and resolve all doubts in favor of the non-movant. *Spradlin v. State*, 100 S.W.3d 372, 377 (Tex. App.—Houston [1st Dist.] 2002, no pet.).

**Summary Judgment**

In her first issue, Ortega argues that the trial court erred in granting Phan-Tran summary judgment on her negligence claim because there is "more than a scintilla of evidence that [Phan-Tran] had actual knowledge" of Castillo's dogs and "the dangerous propensities of the dogs." In her second issue, Ortega argues that the trial court erred in granting Phan-Tran summary judgment on her public-nuisance claim because "vicious dog[s] roaming at large [are] a public nuisance" and there is "more than a scintilla of evidence that [Phan-Tran] allowed a public nuisance" on the property.

*Negligence*

To prevail on a negligence claim, a plaintiff must prove the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach. *D. Hous., Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002); *Aleman v. Ben E. Keith Co.*, 227 S.W.3d 304, 310 (Tex. App.—Houston [1st Dist.] 2007, no pet.). The plaintiff bears the burden to produce evidence of duty, and liability cannot be imposed where no duty exists. *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006); *Lee Lewis Constr., Inc. v. Harrison*, 70 S.W.3d 778, 782 (Tex. 2001); *E.I. DuPont de Nemours & Co. v. Roye*, 447 S.W.3d 48, 58 (Tex. App.—Houston [14th Dist.] 2014, pet. dism'd). Whether a duty exists is a question of law for the court to decide from the facts surrounding the occurrence at issue. *Roye*, 447 S.W.3d at 58; *see also Elwood*,

197 S.W.3d at 794; *Golden Spread Council, Inc. No. 562 of Boy Scouts of Am. v. Akins*, 926 S.W.2d 287, 289 (Tex. 1996).

We have previously held that an out-of-possession landlord owes a duty of ordinary care to third parties who are injured by a tenant's dog where the landlord has (1) the ability to control the premises and (2) actual knowledge of the particular animal's dangerous propensities and its presence on the leased premises.[2] *Batra v. Clark*, 110 S.W.3d 126, 130 (Tex. App.—Houston [1st Dist.] 2003, no pet.). Here, as in *Batra*, the parties' central dispute concerns whether Phan-Tran had "actual knowledge" of the dogs' "dangerous propensities." *Cf. id.*

In *Batra*, a pit bull dog attacked a nine-year-old girl at a house, which was owned by Dinesh Batra, the landlord, and occupied by Martha Torres, the tenant. *Id.* at 127. After the dog, owned by Torres's son, bit the girl, Tammy Clark, individually and as next friend of the girl, sued Batra and Torres for negligence. *Id.* at 126–27. On appeal, Batra argued that he owed no duty to the girl because, as an out-of-possession landlord, he had no control over the dog or the rental property. *Id.* at 127. In agreeing with Batra, we held that, in order for an out-of-possession landlord to owe a duty of ordinary care to a third party injured by an animal, he must have "actual knowledge," rather than imputed knowledge, of the particular animal's

---

[2]     The parties appear to agree that Phan-Tran is an out-of-possession landlord and the issues presented in the instant case are controlled by this Court's decision in *Batra v. Clark*, 110 S.W.3d 126 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

dangerous propensities.  *Id.* at 130.  And because the evidence only showed that Batra had "actual knowledge of the dog's presence on the property," and not that he had "actual knowledge of the dog's vicious propensities," Batra owed no duty to the girl.  *Id.*  Further, we noted that although Batra had previously been on the property when the dog was barking, this did not serve to establish his "actual knowledge" of the dog's "dangerous propensities."  *Id.*

Here, Ortega argues that Phan-Tran had "actual knowledge" of the dangerous propensities of Castillo's dogs because Phan-Tran, and their property manager, "visit[ed]" the property "constantly" during the month that A.G.T. was attacked and, on "12 different" occasions, the City of Pasadena Animal Control Department ("PACD") "dispatched officers" after neighbors had lodged complaints against the dogs.  Thus, according to Ortega, "[r]easonable minds could infer that while" Phan-Tran was at the property, they "must have seen" that Castillo's dogs "were getting out, roaming the neighborhood, and causing problems."

"Actual knowledge . . . is what a person actually knows, as distinguished from constructive knowledge, or what a person should have known."  *Oiltanking Hous., L.P. v. Delgado*, No. 14-14-00158-CV, --- S.W.3d ---, 2016 WL 354439, at *7 (Tex. App.—Houston [14th Dist.] Jan. 28, 2016, no pet.) (internal quotations omitted); *see also Jasek v. Tex. Dep't of Family & Protective Servs.*, 348 S.W.3d 523, 532 (Tex. App.—Austin 2011, no pet.).  However, in response to Phan-Tran's summary-

7

judgment motion, Ortega presented no evidence to establish that Phan-Tran had "actual knowledge" of the dangerous propensities of Castillo's dogs. *See Batra*, 110 S.W.3d at 130; *cf. Villarreal v. Elizondo*, 831 S.W.2d 474, 477 (Tex. App.—Corpus Christi 1992, no writ) (party had actual knowledge of dog's vicious nature where he admitted "dog was dangerous," used dog "as a guard . . . to protect his tools," and knew dog "bit another man" "[y]ears before").

Ortega did present evidence that Phan-Tran, and their property manager, may have visited the property prior to the attack of Castillo's dogs on A.G.T. However, even were we to assume that Phan-Tran had actual knowledge that Castillo had the dogs on the property, such evidence, standing alone, does not establish that Phan-Tran had "actual knowledge" of the dangerous propensities of the dogs. *See Batra*, 110 S.W.3d at 130 (actual knowledge of dog's presence on property did not establish out-of-possession landlord had "actual knowledge of the dog's vicious propensities"); *see also Mattox v. Timmerman*, No. 03-13-00107-CV, 2013 WL 4516125, at *3 (Tex. App.—Austin Aug. 22, 2013, no pet.) (mem. op.) (although landlord saw dog, asked about dog's owner, and went to owner's apartment, such evidence did not establish actual knowledge of dangerousness); *Pfeffer v. Simon*, No. 05-02-01130-CV, 2003 WL 1545084, at *1–2 (Tex. App.—Dallas Mar. 26, 2003, no pet.) (mem. op.) (evidence dog had eaten "pet cockatiel bird" before dog-bite incident not enough to establish actual knowledge of viciousness).

Further, although Phan, as he testified in his deposition, may have "heard" of the pit bull breed of dog and that pit bull dogs are considered to be "potentially dangerous," this evidence did not serve to establish that Phan had "actual knowledge" that Castillo's dogs possessed any dangerous propensities. *See Batra*, 110 S.W.3d at 130 (out-of-possession landlord must "actually kn[o]w that *the particular dog* that attacked [third party] had vicious propensities" (emphasis added)); *see also Do v. Nguy*, No. 14-13-00848-CV, 2014 WL 7409746, at *3 (Tex. App.—Houston [14th Dist.] Dec. 30, 2014, no pet.) (mem. op.) (evidence did not establish out-of-possession landlord had actual knowledge of particular dog or particular dog's dangerous propensities); *Dunnings v. Castro*, 881 S.W.2d 559, 561 (Tex. App.—Houston [1st Dist.] 1994, writ denied) (evidence owner knew "a five-year-old Weimaraner . . . left outside" "might behave aggressively" did not establish owner had actual knowledge of her dog's dangerous propensities). "Awareness of a potential problem" does not constitute "actual knowledge" of danger. *Reyes v. City of Laredo*, 335 S.W.3d 605, 609 (Tex. 2010); *see also Univ. of Tex. at Austin v. Hayes*, 327 S.W.3d 113, 117–18 (Tex. 2010) ("hypothetical knowledge" is not "actual knowledge").

Additionally, although PACD records and the deposition testimony of PACD Officer C. Sublett show that, prior to the attack of Castillo's dogs on A.G.T., neighbors had lodged complaints against the dogs and reported a previous biting

incident involving the dogs, there is no evidence that Phan-Tran was made aware of these complaints or reports.[3] In fact, Sublett specifically testified that in regard to the complaints and the biting incident, he only spoke with and issued citations to the dogs' owner, Castillo. Sublett noted that he was not "aware of who" owned the property, he was not "required to notify the landowner" about the complaints and the incident, and PACD incident reports are not "publicized anywhere." *See Univ. of Tex. at Austin v. Bellinghausen*, No. 03-14-00749-CV, 2016 WL 462735, at *3 (Tex. App.—Austin Feb. 3, 2016, no pet.) (mem. op.) (university had no "actual knowledge" of dangerous condition without receipt of prior reports of accidents or injuries); *Baker v. Pennoak Props., Ltd.*, 874 S.W.2d 274, 277–78 (Tex. App.— Houston [14th Dist.] 1994, no writ) (landlord had no actual knowledge of dog's vicious propensities based on affidavit testimony "no incidents had been reported concerning *this particular dog*"); *see also Univ. of Tex.–Pan Am. v. Aguilar*, 251 S.W.3d 511, 513 (Tex. 2008) ("Although there is no test for determining actual knowledge that a condition presents an unreasonable risk of harm, courts generally consider whether the premises owner has received reports of prior injuries or reports of the potential danger presented by the condition.").

---

[3] In her reply brief, Ortega admits that Phan-Tran "had clearly not seen" PACD's records. Further, at the hearing on Phan-Tran's summary-judgment motion, Ortega's counsel informed the trial court that there is no evidence that Phan-Tran had "received . . . complaints from the neighbors."

Finally, although we may make "reasonable inferences" in determining whether Phan-Tran had "actual knowledge" of the dangerous propensities of Castillo's dogs, "[u]nreasonable inferences do not constitute . . . evidence of . . . actual knowledge." *Am. Indus. Life Ins. Co. v. Ruvalcaba*, 64 S.W.3d 126, 132, 141–42 (Tex. App.—Houston [14th Dist.] 2001, pet. denied). And "actual knowledge" cannot be established by stacking one inference upon another. *Ruvalcaba*, 64 S.W.3d at 142; *see also Schlumberger Well Surveying Corp. v. Nortex Oil & Gas Corp.*, 435 S.W.2d 854, 858 (Tex. 1968) ("[A] vital fact may not be established by piling inference upon inference, as would be required in this case."); *Tex. & N. O. R. Co. v. Burden*, 203 S.W.2d 522, 531 (Tex. 1947) (explaining "an inference may not be drawn from another inference" and "[i]nferences cannot be pyramided").

Because there is no evidence that Phan-Tran had "actual knowledge" of the dangerous propensities of Castillo's dogs, we hold that Phan-Tran owed no duty to A.G.T. *See Batra*, 110 S.W.3d at 130. Accordingly, we further hold that the trial court did not err in granting Phan-Tran summary judgment on Ortega's negligence claim.

We overrule Ortega's first issue.

*Public Nuisance*

"A nuisance is a condition that substantially interferes with the use and enjoyment of land by causing unreasonable discomfort or annoyance to persons of ordinary sensibilities." *Barnes v. Mathis*, 353 S.W.3d 760, 763 (Tex. 2011). A public nuisance "affects the public at large" by "adversely affect[ing] either the entire community, a public gathering place, or even a considerable portion of the citizenry." *Walker v. Tex. Elec. Serv. Co.*, 499 S.W.2d 20, 27 (Tex. Civ. App.—Fort Worth 1973, no writ) (internal quotations omitted); *cf. Mathis v. Barnes*, 377 S.W.3d 926, 930 (Tex. App.—Tyler 2012, no pet.) ("A private nuisance affects an individual or a small number of individuals rather than the public at large.").

Generally, for an actionable nuisance to arise, "a defendant must . . . engage in one of three kinds of activity:  (1) intentional invasion of another's interest; (2) negligent invasion of another's interests; or (3) other conduct, culpable because [it is] abnormal and out of place in its surroundings, that invades another's interest." *Tex. Woman's Univ. v. Methodist Hosp.*, 221 S.W.3d 267, 285 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (internal quotations omitted); *see also City of Tyler v. Likes*, 962 S.W.2d 489, 503–04 (Tex. 1997). When, as here, a claim of public nuisance is grounded in negligence, the plaintiff must allege and prove a legal duty owed to her, a breach of that duty by the defendants, and damage proximately resulting from the

breach.[4] *Sage v. Wong*, 720 S.W.2d 882, 885 (Tex. App.—Fort Worth 1986, writ ref'd n.r.e.); *see also Collins Constr. Co. of Tex. v. Tindall*, 386 S.W.2d 218, 220 (Tex. Civ. App.—Eastland 1965, writ ref'd n.r.e.) ("[W]here an act or a condition can become a nuisance solely by reason of the negligent manner in which it [was] performed or permitted, . . . no right of recovery can be shown independently of the existence of negligence . . . ." (internal quotations omitted)).

Having held that Phan-Tran owed no duty to A.G.T. in regard to the negligence claim, we further hold that the trial court did not err in granting Phan-Tran summary judgment on Ortega's public-nuisance claim. *See Randall Noe Chrysler Dodge, LLP v. Oakley Tire Co.*, 308 S.W.3d 542, 548–49 (Tex. App.—Dallas 2010, pet. denied) (holding summary judgment proper on nuisance claim after holding summary judgment proper on negligence claim); *Weingarten Realty Inv'rs. v. Universal Servs. Co.*, No. 01-96-01400-CV, 1997 WL 689435, at *7 (Tex. App.—Houston [1st Dist.] Oct. 23, 1997, pet. denied) (not designated for publication) (holding summary judgment proper on claim of nuisance grounded in negligent conduct "in light of [prior] holding that no duty existed"); *see also Sage*, 720 S.W.2d at 885–86 (affirming dismissal of nuisance claim based on negligence where party

---

[4] Ortega does not allege in her petition, and she does not contend on appeal, that her nuisance claim is grounded in intentional conduct or conduct that is abnormal and out of place in its surroundings. *See City of Tyler v. Likes*, 962 S.W.2d 489, 503–04 (Tex. 1997); *Tex. Woman's Univ. v. Methodist Hosp.*, 221 S.W.3d 267, 285 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

failed to allege breach of legal duty or proximate cause); *cf. Tex. Woman's Univ.*, 221 S.W.3d at 285 (holding summary judgment improper on party's nuisance claim where summary judgment improper on party's negligence claim because fact issue raised as to whether duty owed).

We overrule Ortega's second issue.

## Conclusion

We affirm the judgment of the trial court.


Terry Jennings
Justice

Panel consists of Chief Justice Radack and Justices Jennings and Lloyd.